# Widger, Appellant, *v.* Philadelphia.

*Negligence — Municipalities — Bridge — Infant — Intervening act of stranger—Nonsuit.*

No damages can be recovered from a city by a boy seven years old for personal injuries sustained on a bridge, where it appears that the bridge in question was a drawbridge; that the approaches to it were guarded by gates, which were closed by means of cogwheels when the draw was open; that at the time of the accident the gates were closed and the boy had climbed upon a girder of the bridge, and was looking over into the stream with his hands on the cogs; and that a stranger, when the bridge tender was engaged in closing and fastening the draw, unbarred one of the gates and pulled it partly open, thus moving the cogs and injuring the boy's hand.

Argued Jan. 25, 1907.   Appeal, No. 171, Jan. T., 1906, by plaintiffs, from order of C. P. No. 5, Phila. Co., March T.,

162      WIDGER, Appellant, *v.* PHILADELPHIA.
1902, No. 2,076, refusing to take off nonsuit in case of Andrew Widger by his father and next friend, Samuel Widger, v. City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy. Before MARTIN, P. J.

The facts appear in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*David Lavis, Charles Knittel* and *J. Fletcher Budd*, for appellant.—The nonsuit was improperly entered : Enright v. R. R. Co., 198 Pa. 166 ; Hydraulic Works Co. v. Orr, 83 Pa. 332 ; Childs v. Crawford County, 176 Pa. 139 ; Finnegan v. Foster Township, 163 Pa. 135 ; Corbin v. Philadelphia, 195 Pa. 461 ; Gibney v. State of New York, 137 N. Y. 1 (33 N. E. Repr. 142) ; Peyton v. Ry. Co., 41 La. Ann. 861 (6 So. Repr. 690) ; Donahoe v. Wabash, etc., Ry. Co., 83 Mo. 560 ; Maryland Steel Co. v. Marney, 88 Md. 482 (42 Atl. Repr. 60).

*Thomas Raeburn White*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee.—This case is identical in principle with the case of. Oil City & Petroleum Bridge Co. v. Jackson, 114 Pa. 321.

The proximate cause of the accident was the act of a stranger : Fredericks v. Northern Cent. R. R. Co., 157 Pa. 103.

OPINION BY MR. JUSTICE FELL, FEBRUARY 25, 1907 :

The city of Philadelphia maintains a drawbridge on the line of a street, which crosses a stream navigable by small vessels. Near the entrance to the bridge there are gates over the cartway and over the footways, which are kept closed while the draw is open. These gates are so connected by cogwheels that they open and close at the same time, the force applied to move either being transmitted to the other. The cogwheels are four or five feet from the ground and about twenty

inches in diameter.   The plaintiff, a boy under seven years of age, climbed on a girder of the bridge while the draw was open to see boats go through and placed his hand on the cogwheels, which were directly over the girder on which he was standing.   The bridge tender had closed the gates and fastened them by means of a heavy iron latch or bar, before opening the draw.   After he had closed the draw and was engaged in driving wedges which fastened it in place, a stranger unbarred the gate over the cartway and pulled it partly open, thus moving the cogs and injuring the plaintiff's hand.   On this state of facts a nonsuit was entered.

The city owed to the plaintiff the duty not wantonly to expose him to danger, but it was under no duty to protect him from a danger not to be anticipated, which could not have resulted from the ordinary and lawful use of the bridge, nor to maintain its structures in such a way as to prevent the possibility of an accident to a child.   The exposed cogwheels were not in themselves dangerous, and no one in the proper use of the bridge could be injured by them.   The case cannot be distinguished in principle from that of Oil City, etc., Bridge Co. v. Jackson, 114 Pa. 321, in which a child of seven years of age in crossing a bridge walked on a large gas pipe located at the side of the footway, and slipped and fell through an opening in the bridge.

Moreover, the proximate cause of the accident was the intervening and wrongful act of a stranger, for which the city was in no way responsible.

The judgment is affirmed.