# Wallace *v.* Keystone Automobile Company, Appellant.

*Negligence—Proximate cause—Automobiles—Hired machine—Statement of claim—Case for jury—Respondeat superior—Res ipsa loquitur.*

1. The proximate cause of an accident imposing liability is the dominant and efficient cause which acts directly or necessarily sets in motion other causes, not created by an independent agency, and which naturally and reasonably results in injury which as a consequence of the primary act, under the circumstances, might and ought to have been anticipated in the nature of things by a man of ordinary intelligence and prudence, although, in advance, it might have seemed improbable and the precise form in which the injury actually resulted could not have been foreseen. The succession of connected events springing out of the primary causal act, and not time or distance intervening between it and its injurious consequence, is, except as bearing upon the question of improbability, the test in the application of the rule.

2. In an action against the owner of an automobile to recover damages for the death of plaintiff's husband and personal injuries to plaintiff herself, to whom the owner had hired the machine, furnishing also a chauffeur to run it, a statement of claim sufficiently sets out a cause of action which avers that on account of the want of repair and defects in the automobile and further, on account of the incompetency, unskilfulness and negligence of the chauffeur in handling and managing it, the automobile started and was carelessly and negligently run or driven against a tree by the chauffeur, whereby the plaintiff's husband was killed and she was

injured. The plaintiff is not compelled to set out the evidence by which she expects to prove either the want of repair in the machine or the incompetency or negligence of the defendant's chauffeur.

3. Such a case is for the jury where the evidence shows that the chauffeur stopped the machine and left it to inquire the way of some persons ahead on the road; that after he had taken a few steps, the machine started, whereupon the chauffeur ran back, jumped into it, and in trying to avoid a team of horses, ran into a tree and upset the occupants over an, embankment; and there is ample evidence to warrant a finding that if the car was in proper repair, and the chauffeur had properly adjusted its mechanism before he alighted, it would not have started in his absence unless set in motion by another party, and that none of the occupants had touched the machine in the chauffeur's absence.

4. In such a case where there was a continuous and connected succession of events from the alleged negligent act to the subsequent accident and no intervening independent agency bringing about the result, the injury or death of some or all of the occupants of the car, unguided and uncontrolled, was to be foreseen, and it is not material that the chauffeur could not foretell the exact manner in which such death or injury might occur.

5. In such a case the rules of res ipsa loquitur and respondeat superior apply and the starting of the car is to be considered the proximate cause of the accident.

6. In such a case the trial judge does not commit reversible error in saying to the jury that the plaintiff in order to recover must establish the negligence of the defendant, "which must have contributed to the injuries complained of."

*Trial—Practice, C. P.—Questions asked by jurymen.*

7. A judgment on a verdict will not be reversed because the trial judge permitted jurymen to ask questions of a witness, where no objection or exception was taken to such questions at the time.

Argued November 5, 1912. Appeals, Nos. 216 and 217, Oct. T., 1912, by defendant, from judgments of C. P. No. 4, Allegheny Co., Fourth T., 1908, Nos. 65 and 66, on verdicts for plaintiff in cases of Maggie Wallace v. Keystone Automobile Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's

## 112 WALLACE v. KEYSTONE AUTO. CO., Appellant.

husband and for personal injuries to plaintiff. Before REID, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $10,000 for loss of her husband, and $5,794 for her own injuries, on which judgment was entered for $8,174.38 and $4,736.24, all over such amounts having been remitted. Defendant appealed.

*Errors assigned* were various instructions.

*Wm. A. Stone,* with him *Stephen Stone* and *H. E. Lineaweaver,* for appellant.—The plaintiff's statement is not specific and does not charge negligence sufficiently definite to put the defendant on its answer: McLean v. Schoenhut, 225 Pa. 100; Morris v. R. R. Co., 228 Pa. 198; Funk v. Hummelstown, Etc., Ry. Co., 235 Pa. 618; MacLean v. Burnham, 4 Sadler 504; Conway v. Hardware & Malleable Iron Works, 232 Pa. 358.

There is no allegation that the defendant in this case at bar knew of the alleged incompetency of the chauffeur, and there was no evidence of his incompetency: McCoy v. Gas Co., 213 Pa. 367; Ash v. Verlenden, 154 Pa. 246.

The proximate cause of the accident was the short turning of the car to the right by the chauffeur to avoid running over the girl, which put his car almost at right angles with the road when it dashed into a tree before he could stop it.

*Robert Woods Sutton,* with him *Watson & Freeman,* for appellee.—The uncontradicted testimony of the plaintiff and her witnesses clearly precluded any presumption of negligence on their part and, therefore, the negligence could only have been on the part of the defendant or its employee, and when it was proved that the accident could not have happened unless the defendant or its employee had been negligent, clearly a prima facie

case was made out: Shafer v. Lacock, 168 Pa. 497; Zahniser v. Pennsylvania Torpedo Co., 190 Pa. 350; McCoy v. Ohio Valley Gas Co., 213 Pa. 367; Booth v. Dorsey, 208 Pa. 276; Delahunt v. Tel. & Tel. Co., 215 Pa. 241.

The rule respondeat superior applies in the case of the negligence of the chauffeur in the employ of the hirer which results in injuries to passengers in an automobile: Hays v. Millar, 77 Pa. 238; Gresh v. Wanamaker, 221 Pa. 28; Johnson v. Coey, 237 Ill. 88 (86 N. E. Repr. 678) ; Hinds v. Steere, 209 Mass. 442; Routledge v. Automobile Co., 95 S. W. Repr. 749.

There was no variance between the allegata and probata.

The negligence of the defendant or of its chauffeur was the proximate cause of the accident in this case and the court should have so charged the jury.

It was not error on the part of the court below to permit jurors to ask the witnesses questions, the questions being relevant and there being no objection on the part of counsel for defendant.

Opinion by Mr. Justice Mestrezat, January 6, 1913:

The defendant corporation was engaged in the sale and hiring of automobiles in the City of Pittsburgh, and on July 21, 1907, was requested to furnish an automobile with a chauffeur to take plaintiff and her husband upon a pleasure trip from Pittsburgh to Butler, Pennsylvania. A "White Steamer" machine, with steam as its motive power, arrived at the house of the plaintiff and her husband, and they with two friends started on the trip. The rear seat was occupied by the plaintiff and her friends, and her husband sat to the left of the chauffeur on the front seat. Several miles out of the city, and while traveling along Wildwood road, Mr. Wallace, the plaintiff's husband, told the chauffeur to inquire the way of some persons occupying a surrey to which two horses were attached and then standing under

a tree in the Perrysville road, directly opposite the point where the Wildwood road enters it. The chauffeur stopped his machine on level ground at the junction of the two roads, possibly about thirty feet from the team, alighted and walked forward to ask the way. After he had taken a few steps in the direction of the team, the machine started forward, and hearing it coming, he ran back, jumped upon the running board, and turned it to the right in time to avoid a collision with the horses, which frightened at its approach. As the machine was passing the surrey, a woman in the rear part of the vehicle jumped from it directly in front of the automobile, and the chauffeur turned the machine still further to the right in order to avoid a collision with the woman. The machine continued across the road, where it struck a tree and threw the occupants over an embankment, killing Mr. Wallace and injuring his wife. These actions were brought to recover damages for the death of Mr. Wallace and for the injury sustained by his wife, the plaintiff.

The cause of action for the husband's death is averred in the amended statement, inter alia, as follows: "While en route for said town of Butler, an accident occurred about a quarter past six o'clock in the evening near the junction of the Wildwood and Perrysville roads, at which place, on account of the want of repair and defects in said automobile, and further on account of the incompetency, unskilfulness and negligence of the said chauffeur in handling and managing said automobile, the said automobile started and was carelessly and negligently run or driven against a tree by the said chauffeur and the said plaintiff's husband, John J. Wallace, was forcibly and violently thrown from said automobile over a high embankment and instantly killed." A similar averment is contained in the action brought for injury to the wife. The cases were submitted to the jury by the learned trial judge and verdicts were rendered for the plaintiff. The court overruled motions for judg-

ment non obstante veredicto and for new trials, and judgments having been entered on the verdicts, the defendant has appealed.

The appellant company contends that the statement does not charge negligence sufficiently definite to require it to answer, and that the plaintiff did not sufficiently show by her proof the cause of negligence resulting in the death of her husband and the injury to herself. It might be sufficient to say that if the allegation of insufficiency in the statement be true, that the defendant should have demurred instead of pleading to the statement. Having pleaded the general issue and gone to trial it was then too late to raise the question. We think, however, that the amended statement avers a good cause of action. It alleges that "on account of the want of repair and defects in said automobile and further, on account of the incompetency, unskilfulness and negligence of the said chauffeur in handling and managing said automobile, the said automobile started and was carelessly and negligently run or driven against a tree by the said chauffeur," and the plaintiff's husband was killed and she was injured. If this averment were sustained by the evidence, it clearly imposed liability upon the defendant. Under the circumstances, nothing more definite as to the facts constituting the alleged negligence was required to be set forth in the statement. The plaintiff was not compelled to set out the evidence by which she expected to prove either the want of repair in the machine or the incompetency or negligence of the chauffeur. Neither could she or her counsel be expected to have sufficient knowledge of the mechanism of the machine to know what part or parts were defective or out of repair. The consequences which resulted clearly disclosed that the machine was out of repair or that the chauffeur was incompetent and negligent, or that they were the result of both. This is a clear case for the application of the doctrine of res ipsa loquitur. The machine was furnished by the defendant company.

It also supplied the chauffeur to operate it. The testimony was ample to convince the jury that the accident which resulted in Mr. Wallace's death and the injury to his wife would not have occurred had the machine been in proper condition and the chauffeur had been competent and skilful and had operated the machine with proper care. At least, the testimony introduced by the plaintiff made out a prima facie case of negligence against the defendant which it was required to meet, and whether it did so successfully or not was a question for the jury. The chauffeur stopped the automobile, alighted from it and, when he had gone but a few yards towards the team standing on the opposite side of the Perrysville road, the machine started towards him and the team. From these facts, one of two conclusions is irresistible: that the machine started because it was out of repair or the chauffeur had failed to properly adjust its mechanism so it would remain standing, or that some occupant of the car after the chauffeur had left it interfered with its mechanism and put it in motion. These were clearly questions for the jury. The three surviving occupants of the car testified positively that they had not touched and had not seen anyone touch any part of the mechanism of the machine after the chauffeur left it. He testified that directly before he stopped the car he closed the throttle, reached down and pulled the gear in neutral, and then stopped the car with the handbrake. He says that the car came to a full stop and that the gear change lever was still neutral when he left the car. He further testified that if the gear lever had been in neutral the car could not have started of its own volition. But the car did start, shortly after he had stopped and alighted from it, and, as suggested, it was a question whether it started in the chauffeur's absence by reason of some of its mechanism being out of repair or his failure to properly adjust the mechanism, or by reason of some act of the occupants of the car. There was ample evidence to warrant

a finding that if the car was in proper repair and the chauffeur had properly adjusted its mechanism before he alighted it would not have started in his absence unless set in motion by another party. If the evidence of the occupants of the car is believed, no other person was responsible for putting the car in motion after the chauffeur left it, and aside from that cause, the only reasonable conclusion arising from the plaintiff's testimony was that the car, if in proper condition, started by reason of the negligent conduct of the chauffeur. The car was in the control of the chauffeur and the other occupants had nothing to do in operating it. They were wholly unfamiliar with its mechanism and made no attempt to control or operate it. It was hired by Mrs. Wallace for the purpose of carrying their party on a pleasure trip from Pittsburgh to Butler and back. Under the circumstances, therefore, it is not at all probable that either of the other occupants of the car would attempt to manage or control it by interfering with its mechanism. They knew absolutely nothing about operating the car, and consequently would recognize the danger of trying to start or stop it.

The rule of respondeat superior applies. The chauffeur and the car were furnished by the defendant company, and he had control of and operated the car for the company. The negligence of the chauffeur is the negligence of his employer, and for injuries resulting therefrom the latter is responsible: Hays v. Millar, 77 Pa. 238; Hershberger v. Lynch, 9 Sadler 91; Johnson v. Coey (Ill.), 21 L. R. A. (N. S.) 81; Hinds v. Steere (Mass.), 35 L. R. A. (N. S.) 658; Huff v. Ford (Mass.), 30 Am. Rep. 645; Joslin v. Grand Rapids Ice Co. (Mich.), 45 Am. Rep. 54; Quarman v. Burnett, 6 M. & W. 499.

There can be no doubt that the starting of the automobile was the proximate cause of the accident resulting in the death of Mr. Wallace and the injury to his wife. The proximate cause of an accident imposing liability

is the dominant and efficient cause which acts directly or necessarily sets in motion other causes, not created by an independent agency, and which naturally and reasonably results in injury which as a consequence of the primary act, under the circumstances, might and ought to have been anticipated in the nature of things by a man of ordinary intelligence and prudence, although, in advance, it might have seemed improbable and the precise form in which the injury actually resulted could not have been foreseen. The succession of connected events springing out of the primary causal act, and not time or distance intervening between it and its injurious consequence, is, except as bearing upon the question of improbability, the test in the application of the rule. There is no dispute as to what occurred immediately after the car started, and the consequences were both natural and probable, and clearly to be anticipated. There was no intervening independent agency that brought about the unfortunate result. There was a continuous and connected succession of events from the starting of the machine to the subsequent death of Mr. Wallace and the injury to the plaintiff. In the very nature of things the death or injury of some or all of the occupants of the car, unguided and uncontrolled, was to be foreseen. It may be true that the chauffeur could not foretell the exact manner in which any of the occupants might be injured or might meet his death, but that was not essential to make his act the proximate cause of what actually happened. That, as we have seen, is not a factor in determining whether the cause is proximate or remote.

The fourth assignment alleges the court erred in saying to the jury that if the plaintiff recovers she must establish the negligence of the defendant "which must have contributed to the injuries complained of." We do not think the jury would misunderstand this language. It simply means that the plaintiff could not recover unless she established not only negligence on the part

of the defendant but that such negligence was the cause of her injuries.   There could be no right of recovery simply because the defendant was negligent if the negligence did not in some way contribute to the plaintiff's injuries.    What was said in this connection by the learned judge presupposed that the plaintiff was not guilty of negligence herself.   The language complained of cannot properly be construed, as argued, as an instruction to the jury that "although the plaintiff might have contributed to the injury, yet if the defendant also contributed to it, the plaintiff might recover." The court dealt with the plaintiff's contributory negligence in another part of the charge, and the language used by him on this occasion did not refer to it.

We ought not be asked to sustain the third assignment, alleging the court permitted different members of the jury to ask irrelevant questions, in view of the fact that counsel for neither party made any objection to the questions.   We know of no rule of law or practice which requires us to convict the court of error for permitting questions asked with the tacit permission of the parties. There was neither objection nor exception taken to the questions propounded to the witness by the members of the jury.   It may be suggested, however, that apparently the questions were pertinent, and brought out information on the very matters with which the jury and the court had to deal.   They disclosed a knowledge of the mechanism of an automobile on the part of the jurymen that manifestly was of great assistance in disposing of the questions submitted for their consideration.   As the record does not present the question intended to be raised, we cannot consider the assignment.

The judgment is affirmed.