## Everett *v.* Delp, Appellant.

*Contract—Breach of contract—Measure of damages—Evidence.*

In an action for a breach of a contract of sale it is not reversible error for the trial judge to admit evidence tending to support either one of two recognized methods of ascertaining the true standard of damages, but at the conclusion of the trial proper instructions must be given according to the nature of the case as developed.

Where in an action by vendees to recover damages for failure of the vendors to deliver to them a certain number of cars of corn, it is contended by the defendants that the plaintiffs had waived the time of delivery agreed upon, and the evidence on the subject is conflicting, the case must be submitted to the jury.

In such a case where a breach of the contract has been established, the plaintiffs may show that they could not buy in the open market the precise kind of corn contracted for, but that they could, and did buy, another kind that satisfied their necessities, and reasonably approximated both in quality and price what had been contracted for.

Argued Nov. 9, 1916. Appeal, No. 69, Oct. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1914, No. 3363, on verdict for plaintiff in case of Theodore F. Everett, trading as M. G. & A. P. Wyckoff Company v. Edmund E. Delp and August F. Gruber, copartners, trading as E. E. Delp Grain Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for breach of a contract to sell and deliver corn. Before FINLETTER, J.:

From the record it appeared that the defendants had agreed to sell and deliver to the plaintiffs nine cars of "yellow Argentine corn" at a certain rate per bushel. The three cars were to be delivered in the month of July, 1914, three in the month of August and three in the month of September. One of the cars was delivered and paid for. The plaintiffs refused to accept two of the cars alleging that the corn which they contained was not

48        EVERETT *v*. DELP, Appellant.

Statement of Facts—Charge of Court below. [67 Pa. Superior Ct.

marketable.    The other cars were not delivered, and as to them it was contended that the plaintiffs had waived the time of delivery agreed upon.    The court permitted the plaintiffs to show that they could not buy in the open market yellow Argentine corn, but that they could, and did purchase, domestic yellow corn which satisfied their necessities and approximated in quality and price yellow Argentine corn.

The court charged in part as follows:

["The defendant contracted in this case to deliver this corn, and the contract, it is alleged, was broken by non-delivery.    On the part of the defendant it is alleged that the time for delivery was waived by the buyer.    For example, that when the month of July passed, the end of July, and no corn was delivered, the defendant says that the plaintiff did not insist on the breach of the contract at that time, but for various reasons which the defendant gave to you the plaintiff waived the performance of the contract in the exact time provided.    While he has a right to do that, if he did do it, if he did waive the time, if he did release the defendant from delivering the July corn in July, the rule is—they call it a custom, but it is really a general law—the law is that before he can call upon the defendant to deliver corn he must notify him that he wants it at a given time, in other words, re-establish the time limit.    Now the plaintiff says, as I understand his testimony, and you must be governed by your own recollection on this subject, that he never in fact waived the performance of the contract, or at least that if he did, he notified the defendant that he would buy corn to supply the contract.    The defendant on the other hand says that is not so, and you will have to settle that question."]    (7)

["When you have thus arrived at the price he paid, and compared that with the contract, you will subtract the two, and multiply by the number of bushels and the result would be the damages he would be entitled to."]    (10)

["There is another disagreeable question also, and that is as to the alleged partial performance of this contract. One car was delivered. There was full delivery as to that. As to two other cars, there was an attempted delivery, and the question of fact arises as to the quality of the corn delivered, for if the quality was not what was called for by the contract then there was no delivery at all. And on that subject you have the story of the plaintiff, and the person who examined the corn for him, and his bookkeeper, and they all unite in saying that the corn was not merchantable corn and describe it in such a way as would convince anybody, if their story is true, it was not merchantable corn, because it had a smell like a swill barrel, as they describe it, and that would hardly be said to be merchantable. That position is stoutly contested by the defendant, who says that he took that very corn, with no more change to the corn than would occur to it by lapse of time until October, whatever drying out occurred by that time, without any artificial drying out and no change at all in it, and sold it at substantially the market price. This is a matter of fact for you to decide, who is telling the truth about that matter."]     (11)

Verdict and judgment for plaintiff for $1,280. Defendant appealed.

*Errors assigned,* among others, were (7-9, 11) portions of the charge as above quoting them.

*J. Frank Staley,* with him *John R. Cassel,* for appellants.—The charge of the court wholly fails to measure damages as of the date of delivery or the date of the breach: Riess v. Myers, 57 Pa. Superior Ct. 243; Rotograph Co. v. Cressman, 41 Pa. Superior Ct. 14; Kinports v. Breon, 193 Pa. 309; Shreve v. Brereton, 51 Pa. 175.

*M. Hampton Todd,* with him *Robert G. Erskine,* for appellee.—If the appellee could not purchase Argentine yellow corn in the open market to take the place of the

corn not delivered by appellants, appellee had the right to go out into the open market and purchase the nearest substitute, being careful to do only that which a reasonable and prudent business man would do under the circumstances: Hamilton v. Kirby, 199 Pa. 466.

The charge was adequate: Baker v. Irish, 172 Pa. 528.

OPINION BY HEAD, J., July 13, 1917:

The statement of the questions involved, as printed in appellants' paper book, clearly indicates the ground of complaint to be the alleged inadequacy of the charge delivered by the trial judge as to five particular points in contention between the parties. These are expanded into twenty-seven assignments of error. The first six of them challenge the correctness of certain rulings of the learned trial judge in admitting evidence, over the objection of the defendants, and thereafter refusing to strike it from the record. This evidence, relating to the quantum of the injury alleged to have been sustained by the plaintiffs, could not have been excluded. Damages recoverable in an action at law as compensation for an injury cognizable by law must be measured within certain fixed principles. Although these are fundamental, they are elastic enough to be adapted to the constantly varying conditions surrounding the question to be litigated. In the last analysis the trial judge must instruct the jury what is the true measure after the evidence has laid bare the contentions of the parties. But the correct and accurate standard cannot always be perceived at the outstart of a trial.

It is not new doctrine, certainly since Seely v. Alden, 61 Pa. 302, to say it is not reversible error for the trial judge to admit evidence tending to support either one of two recognized methods of ascertaining the true standard. The necessary qualification of what we have stated is that at the conclusion of the trial the jury be given the correct instruction. We quote from Mr. Justice AGNEW's opinion in the case stated: "It is often difficult

for a court to determine the true measure until all the evidence is in......If there be different modes of measuring the damages, depending on the circumstances, the proper way is to hear the evidence, and to instruct the jury afterwards according to the nature of the case." The assignments of error referred to must be overruled.

The case presented no necessary difficulty when the facts were ascertained. It is not disputed that, as the result of two contracts, the defendants had agreed to sell and deliver to the plaintiffs and the latter had agreed to accept and pay for nine cars of "Yellow Argentine corn" at a price named. Three cars were to be delivered in the month of July and a like number in the months of August and September. One car of the nine purchased, containing the corn contracted for, was actually delivered, received and paid for, and it thus disappears from the controversy. Two of the remaining eight cars contracted for were attempted to be delivered but the plaintiffs declined to receive them because their contents were thought to be not marketable. That difference of opinion or judgment between the parties clearly raised a question of fact that a jury alone could answer. As to the other cars, it appears to be conceded there was no delivery. It was contended the plaintiffs had waived the time of delivery agreed on. That defense was manifestly one of fact.

The remaining material point of defense between the parties was whether or not the plaintiffs, a breach of the contract having been established, had a legal right to buy in the market anything but "Yellow Argentine corn." If, by reason of the condition of the market, the injured party could not procure the precise commodity contracted for, there can scarcely be a doubt it could buy something else that would satisfy its necessities and reasonably approximate, both in quality and price, what had been contracted for. As to the adequacy of the charge on the material points in controversy, the charge itself is and must be its own defender. Upon a careful

reading of it, in the light of the evidence, we are all of the opinion the record as a whole exhibits no reversible error.

Judgment affirmed.