## Euler *v.* City of Pittsburgh, Appellant.

*Negligence—Municipalities—Dangerous appliances unprotected—Injuries to children—Approximate cause.*

In an action of trespass to recover damages for injuries sustained by a minor, the case is for the jury, and a verdict for the plaintiff will be sustained where the evidence established that a reel with lead cable wound around it, weighing about a thousand pounds, was left unblocked and unprotected where it would be an attraction to children playing in the street.

Where a dangerous appliance, attractive to children, is left on the public street in such a condition that it may be set in motion by them, the failure to block it or make it immovable is the proximate cause of injury resulting to such children from its being moved by them. The action of children of immature judgment, naturally to be anticipated in such circumstances, is not considered such an independent agency as to break the chain of connected events, which resulted in their injury, springing from the neglect to fasten the reel securely in the first instance.

Argued April 28, 1925. Appeals, Nos. 11 and 12, April T., 1925 by defendant, from judgment of C. P.

Allegheny Co., January T., 1923, No. 2590, in the case of Walter Euler; a minor, by his next friend and father, Aloysius Euler, and Aloysius Euler in his own right, v. City of Pittsburgh. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Douglass, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff Aloysius Euler in the sum of $673.00 and in favor of the minor plaintiff in the sum of $1,500.00 and judgment thereon.   Defendant appealed.

*Errors assigned* were the refusal of the defendants motion for judgments non obstante veredicto.

*John E. Laughlin,* Assistant City Solicitor, and with him *Richard W. Martin,* City Solicitor, for appellant. —The city was not negligent: Scibilia v. The City of Philadelphia, 279 Pa. 549; King v. Philadelphia, 223 Pa. 507; MacDermott v. Philadelphia, 235 Pa. 62; Preston v. Philadelphia, 249 Pa. 266; Guilmartin v. Philadelphia, 201 Pa. 518; Ansell v. Philadelphia, 276 Pa. 370; Stahle v. Poth, 220 Pa. 335.

*H. Fred Mercer,* for appellees.—The reel was an obstruction and a nuisance, especially dangerous to children: Costanza et al. v. Pittsburgh Coal Co., 276 Pa. 90; Carr v. Southern Pa. Traction Co., 253 Pa. 274; Rachmel v. Clark, 205 Pa. 314; Henderson v. Continental Refining Co., 219 Pa. 384; Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214; Amsterdam v. Dupont, etc. Powder Co., 62 Pa. Superior Ct. 314.

OPINION BY KELLER, J., July 9, 1925:

The verdicts in favor of the respective plaintiffs settle all disputed questions of fact in their favor.

Walter Euler, a boy eleven years old, had his arm badly crushed and broken by getting it caught between the wall of a house and a heavily loaded cable reel, which had been left on the sidewalk of a public street by the city authorities, without any block or other contrivance to keep it from rolling or being rolled by children.

The reel, with the lead cable wound around it, weighed about a thousand pounds. The cable was intended for use in the city's fire alarm police signal system. None of it had been unwound at the time of the accident. It was admitted that it was customary to block such reels when left standing on the street, both to hinder their rolling away of their own force and to prevent their being rolled by children, to whom they are usually a source of interest and attraction, manifested by "crawling up on top and rolling them out in the street."

On the evening of this accident five or six children, young Euler among them, were playing around this reel, some pushing it away from the wall where it had been left, while one of them attempted to ride on its top, and then pushing it or letting it roll back. While doing so Euler put out his arm to stop the reel and it was crushed between the reel and the wall.

Under this state of facts we think the question of the city's negligence was properly for the jury. The city authorities knew of the temptation such a reel, if left unblocked, would prove to the children of the neighborhood; that they would probably try to get on it and roll it; and of the likelihood of injury resulting to them and the public generally, if left in such a condition that it could be rolled by them: Rachmel v. Clark, 205 Pa. 314, 319; Farbarik v. Jones, 67 Pa. Superior Ct. 517, 520. And the jury might well find from the evidence that the act of the city in leaving a dangerous appliance of this kind on the sidewalk of a populous district, without

542, (1925).]          Opinion of the Court.

blocking it or taking reasonable precautions to make it immovable was the dominant and efficient cause which naturally and reasonably resulted in the injury here complained of: Wallace v. Keystone Auto. Co., 239 Pa. 110, 118. If, as appears from the testimony on both sides, the moving and rolling of the loaded reel by children was the natural and looked for consequence of the failure to block or otherwise secure it, then any injury resulting from such rolling may be fairly attributable to the failure to use reasonable precautions to block it so that it could not be rolled. Where a dangerous appliance, such as this, attractive to children, is left on the public street in such a condition that it may be set in motion by them, the failure to block it or make it immovable is the proximate cause of injury resulting to such children from its being moved by them; and it matters little which way the sidewalk sloped. If the reel had been securely blocked so that it could not be rolled, the accident would not have occurred. The action of children of immature judgment, naturally to be anticipated in such circumstances, is not considered such an independent agency as to break the chain of connected events, which resulted in their injury, springing from the neglect to fasten the reel securely in the first instance.

The judgments are affirmed.