Taylor et al. *v.* Di Sandro, Appellant.

Argued October 2, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Richard A. Smith,* for appellant.

*William A. Robinson,* for appellee.

Opinion by Cunningham, J., December 27, 1930:

The judgments from which we have these appeals were entered upon verdicts recovered in behalf of the minor plaintiff as damages for personal injuries suffered by him through the explosion of dynamite caps in a bonfire and by his father for consequent medical

expenses. The assignments allege error in the refusal of defendant's point for binding instructions, the subsequent denial of his motion for judgment n. o. v. and the entering of judgments upon the verdicts. The matter here involved, therefore, is whether the trial judge was justified in submitting to the jury the inquiry whether defendant was negligent, and, if so, whether his negligence was the proximate cause of the injuries.

Uncontroverted facts appearing from the evidence were that about seven o'clock on the evening of September 24, 1928, the minor plaintiff, then about thirteen years of age, and two companions, John Lawler, aged twelve, and Lawler's younger brother, while playing near the corner of Fountain Street and Henry Avenue, Philadelphia, built a bonfire on the former about two hundred feet west of the latter. This section of the city was suburban and the streets mentioned had been laid out through woodland in the neighborhood of Fairmount Park; they were neither paved nor curbed, and no houses had been erected near the place selected by these boys for their playground. An extension of Henry Avenue had been opened from three to six months prior to this time and appellant had a city contract for the laying of a sewer therein from Gates to Fountain Street, approximately three city blocks. He began work on the trench about September 1st and from September 5th down to the date of the accident had been using dynamite as an explosive, several charges having been exploded on the afternoon of September 24th. The injuries were inflicted by the explosion of dynamite caps to which fuses were attached. The minor plaintiff's account of the accident reads: "We built a fire near the corner of Henry Avenue and Fountain Street and we were looking around for things to put on the fire, and John Lawler happened to pick up two of these dynamite fuses, and

he did not know what they were, so he put them on the fire. We were sitting around the fire and all at once it blew up, and after that we got up and blood was running from all over our bodies, so we came home. That was about seven o'clock.''

The pinch of the case was whether the caps came into the possession of the boys through the negligence of appellant, or his employes, in permitting them to remain after working hours in a public place where they would naturally attract the attention of children at play. Reading the testimony in the light most favorable to the appellees, as we must, it may be observed that there was evidence from which the jury could reasonably find, upon the controverted features of the case, these facts: Appellant exploded charges of dynamite by the use of caps, with fuses attached, as well as with electric batteries. The older Lawler boy found the caps and fuses which he later threw on the fire ''right on top of the dirt that had been blown up from the sewer.'' On the forenoon of the day following the explosion a district detective, while investigating the accident in company with John Lawler and his father, was taken to the location of the bonfire; there the boy picked up a dynamite cap and fuse; it was produced in court by the detective and referred to at the trial by the Lawler boy as looking like the caps he had found the evening of the accident. Appellant's attempted explanation of the significant fact that the explosives which caused the injuries were found on the top of fresh dirt along the side of the trench was not convincing. He stated that in a ''majority'' of instances the charges of dynamite had been exploded by electricity but did not undertake to say positively that caps and fuses had not also been used. There was testimony by the appellant that he bought his explosives from the Scott Supply Company and that it was the practice for this company to deliver

blasting materials in the morning and collect any that might be left over at the close of the day's work, but no representative of that company was called and there was no evidence that such collection of unused materials had been made, or attempted, on the day of the accident. There was evidence that the work of opening the street some months prior had been done by another contractor and that explosives had then been used but there was no evidence that the cap and fuse produced in court, or those thrown on the fire, had been exposed to the weather for any length of time and the finding of the caps on top of loose earth beside the sewer negatived the theory that they had been left there by the contractor who opened the street. There was, therefore, evidence from which the jury could properly draw the inference that appellant was responsible for the presence of the caps where they were found.

No complaint is made of the charge; the legal principles applicable to the evidence were stated substantially in the language of the Supreme Court in Sowers v. McManus, 214 Pa. 244, a case in which the damages were occasioned by the explosion of dynamite stored near the premises of the plaintiff. Speaking generally of the degree of care required of those in possession of dangerous explosives, it was said: "While the possession of an explosive of the dangerous character of dynamite is not unlawful nor in itself negligent, care commensurate with the danger of having possession of this agent must be exercised at all times by those having it in their possession. No absolute standard of care can be established for the observance of those having it in their possession, but the general rule in cases like the present, where third parties, having no relation to the defendant, are injured by its alleged explosion, is that the highest degree of care must be exercised, and the failure to take every reasonable precaution to pre-

vent explosion of it while in storage is negligence." Although this is not a case of the storing of dynamite, we think these principles also afford a proper measure of the duty of persons engaged as was this appellant, and that the leaving of explosives along a sewer ditch, after the stopping of work for the day, and in a place where they would naturally attract the attention of boys playing in the vicinity, was negligence. Our Supreme Court remarked in Rafferty v. Davis, 260 Pa. 563, 566: "We have several times said that extreme care must be observed in the use of so dangerous a substance as dynamite." In Gralka v. Worth Brothers Co., 245 Pa. 467, several boys went into a shanty owned by the defendant and there found a box of dynamite, a portion of which they took to a hillside, where they had built a fire, and one of them threw some of the dynamite into it. As a result one of the group, a seven-year-old child, was injured. Upon consideration of the evidence the Supreme Court reached the conclusion that the plaintiff had failed to show that the defendant company was responsible for the presence of the dynamite in the shanty but, in the course of the opinion, said, page 470: "The shanty was open and accessible to the boys, and if the dynamite which they found in it had been put or left there by the defendant, or by one of its employes in the course of his employment, or had been allowed to remain in the building by the defendant after knowledge that it was there, the charge of negligence would have been sufficiently proved."

To the same effect is Cain et al. v. Booth and Flinn, Ltd., 294 Pa. 334, where it was charged that dynamite caps came into the possession of young boys through the negligence of the defendant. In the course of the opinion, page 338, the court said: "We may assume that whoever left these dangerous explosives where they could fall into the hands of children, was negli-

gent, but our question is as to the culpable party." The case at bar is similar to that of Tomasak v. Borough of Courtdale, 98 Pa. Superior Ct. 473, in which recovery was had for injuries to a thirteen-year-old boy from the explosion of a dynamite cap left in the vicinity of improvements to a highway.

The second contention of appellant is that even if the explosives came into the possession of the boys through his negligence, or that of his employes, such negligence was not the proximate cause of the injuries to the minor plaintiff, but they were due to the independent, intervening act of the Lawler boy in throwing the caps upon the fire. This feature of the case is not ruled by Carpenter v. Miller and Son, 232 Pa. 362, cited and relied upon by appellant although readily distinguishable on its facts, but by Wassel et ux. v. Ludwig, 92 Pa. Superior Ct. 341, an applicable authority not cited in the briefs. That case contains a comprehensive review and clear discussion by the late Judge HENDERSON of the authorities upon the question of proximate and remote causes. Material facts were that the defendant, a merchant, sold, in violation of the Act of June 10, 1881, P. L. 111, a rifle and ammunition to a boy under sixteen years of age. The owner of the weapon permitted several companions, who had no connection with the purchase, to use it. One of them fired two shots, the first in the air and the second at a chicken; the latter shot accidentally caused the death of a little girl, whose parents became the plaintiffs in the action. Among other cases cited in the opinion was that of Loughlin v. Pennsylvania Railroad Co., 240 Pa. 174, in which several children, members of a group of young boys and girls, were injured by the explosion of a railroad torpedo, found and exploded by other members of the group. The Supreme Court, reversing the action of the court below in refusing to take off a compulsory nonsuit, held that negligence

may be the proximate cause of an injury of which it is not the sole or immediate cause, and that where the defendant's negligence concurred with some other event to produce the injury, so that it appears that without such negligence it would not have occurred, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible though his negligent act was not the nearest cause in the order of time. After citing and considering many other cases, Judge HENDERSON stated the conclusions of this court, page 347, in language equally applicable to the present case: "It is a matter of common observation that young boys are gregarious in their habits, playful in disposition, and often reckless and inconsiderate in their sports and amusements, and of this the defendant was bound to take notice even if there were no statute. The court could not declare as a matter of law that the play in which the boys who bought the weapon and their associates were engaged and the use of the gun by some of the latter with the permission of the owner, were not probable results of the unlawful act of the defendant." The absence of a statute in this case is not material; it was as much the duty of this appellant to exercise, under the circumstances, "the highest degree of care" as it was the duty of the merchant in the case cited to observe the provisions of the statute. Here, as there, a court could not properly say that injuries such as were shown could not reasonably have been contemplated as the result of leaving explosives as these dynamite caps were left. We accordingly conclude that the trial judge was fully justified in submitting this case to the jury upon both questions and in denying defendant's motion for judgment n. o. v.

The judgments are severally affirmed.