Reichvalder et al., Appellants, *v.*
Borough of Taylor.

218

Argued October 10, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Milton J. Kolansky,* for appellants.

*Robert G. Coglizer,* with him *Walter W. Kohler,* for appellee.

OPINION BY RHODES, J., December 18, 1935:

This is a suit brought by a minor through his mother and next friend and by his mother in her own right to recover damages for injuries which the minor received while playing upon a road scraper owned by the defendant borough. The jury rendered verdicts in favor of the plaintiffs. The defendant's motion for judgment non obstante veredicto was sustained, and final judgment entered for the defendant. The plaintiffs appealed.

The facts as disclosed by the testimony were substantially as follows: On October 19, 1932, at about 7:30 P. M., the minor plaintiff, then about seven years of age, was playing with a number of other children on and about the defendant's road scraper which was parked for the night on a large vacant lot, belonging to the Glen Alden Coal Company, near Third and Oak Streets, in the Borough of Taylor, Lackawanna County. The scraper had been used during the day by the employees of the defendant borough on the borough streets. The testimony as to the exact location of the scraper at the time of the accident was conflicting. One of the plaintiffs' witnesses testified that the scraper stood about eighteen feet from the roadway of Oak Street, while the defendant's witnesses said it was at least fifty feet off Oak Street and about eighty feet from Third Street.

The scraper was one of the usual type used in grading roads and streets. It consisted of a heavy iron framework suspended on four wheels, with a large blade

in the center. This blade, which did the actual scraping when the machine was in use, was raised and lowered by means of two iron flywheels. The turning of these flywheels operated certain cogs, which in turn ran on a shaft, and elevated or lowered the blade. There was a lever of spring steel which controlled each of the two flywheels. It was necessary to release these levers before the flywheels would move after the blade had been raised. When the blade was raised and these springs or levers released, the blade would fall of its own weight and spin the flywheels, unless they were held.

As some of the children were playing on the scraper that evening, raising and lowering the blade, the plaintiff's left hand was caught in the cogwheels, resulting in a compound fracture of the hand and a dislocation of three of the fingers. The plaintiff's older brother, who was about twelve years of age, heard the plaintiff's cries, and turned the flywheel in the opposite direction and released him. Although the fracture healed, the plaintiff had not at the time of the trial regained the use of these fingers.

The children, in playing with this machine, turned the wheels, raised the blade, and then stepped on the lever; thereupon the blade would go down, the flywheels would spin and the cogwheels move on the shaft.

The defendant's employees placed the scraper on the vacant lot, on the day in question, after working in the vicinity of Third and Oak Streets, and left it with the blade lowered. While using the machine on these streets that day, many children would follow it up and down the streets. The defendant's employees, after placing the machine on the vacant lot at the conclusion of the day's work, did not fasten the flywheels so that it would be impossible for children to raise and lower the blade or operate its mechanism. The flywheels

could have been tied with a rope so that they could not have been moved.

The only testimony that the piece of ground where the machine was placed was used as a playground was that of some of the children who testified at the trial. They testified that they played there. It does appear, however, that directly across the street the land was used as a playground, as there was a baseball diamond there. One of defendant's witnesses testified as follows: "Q. This particular spot where the tractor was left was, I suppose, in your opinion the most suitable spot and you left it there? A. That was the only place we could leave it; there is no other empty space there. Q. There was empty space in that vicinity? A. There were playgrounds."

The plaintiffs alleged that the defendant was negligent: "d. In permitting a machine, to wit: the said road scraper, which was attractive to children of tender age and dangerous to them, to remain unattended, unguarded and unlocked at or near Oak Street, a road used for travel in the said Borough of Taylor, and on a plot of ground or open field used as a play ground."

The questions before us are whether, under the foregoing facts, there was any evidence of negligence on the part of the defendant, and, if so, whether its negligence was the proximate cause of the minor plaintiff's injuries.

The appellee raises an additional question as to whether there could be any recovery by the plaintiffs for the reason that the alleged negligence of the defendant or its employees occurred in the exercise of a governmental function. As to this it is sufficient to say no such question was raised in the lower court either at the trial or on the motion for a new trial; hence it cannot be considered here. McLaughlin et ux. v. Monaghan, 290 Pa. 74, 138 A. 79.

The defendant, through its employees, had knowledge

of the attractiveness of the road scraper to the children. As the scraper was being operated by the employees of the defendant, the children would follow it up and down the streets in their neighborhood and in the vicinity of which the machine was placed at night. Under the circumstances, the defendant, through its employees, should have known that the children would, at the first opportunity, attempt to get on it, to play with it, and to try out the unfastened mechanism. The defendant ought to have anticipated that children would be playing in that vicinity, and, in so doing, be attracted to this machine placed upon the vacant lot, which was at least adjacent to, if not a part of, their recognized playgrounds. The defendant should also have known that, when it placed the scraper, at the end of the day, on this vacant lot just off of two streets of the borough, it would be used by the children in the course of their play, and that, owing to its unguarded condition, it would be dangerous to them when so engaged. This machine was knowingly placed by the defendant in the vicinity of the playground of children, who had manifested their interests in it during its operation throughout the day, and immediately adjacent to public highways. It was the duty of the defendant to have regard to the reckless and thoughtless tastes and traits of childhood. Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609.

If this machine might become dangerous if a child chanced to set it in motion while playing with it, there was a duty on the defendant to take such precaution as was reasonable, under the circumstances, to prevent injury by it. Guilmartin v. Philadelphia, 201 Pa. 518, 51 A. 312. "Circumstances may beget duties which would not ordinarily be implied, and when they are shown to exist the questions arising are questions of fact, not of law: Schilling v. Abernethy, 112 Pa. 437": Kreiner v. Straubmuller, supra, 30 Pa. Superior Ct.

609, page 612. In the present case, the question whether the action of the children in playing upon the scraper was one of the things which might have been expected to occur, and against the disastrous result of which the defendant was bound to guard, is one of fact for the jury.

It was natural that the playful instinct of the minor plaintiff and his companions took them to the scraper placed in the neighborhood of their homes, adjacent to the streets which they used and in close proximity to, if not on, land used and recognized as their playgrounds. This machine the defendant's employees left in such condition that its mechanism could be operated by children attracted to it, with resulting injury. In the case of Rachmel v. Clark, 205 Pa. 314, 319, 54 A. 1027, 1028, the Supreme Court, quoting COOLEY, C. J., in Powers v. Harlow (Mich.), 51 Am. Rep. 154, stated: "Children, wherever they go, must be expected to act upon childish instincts and impulses; others who are chargeable with a duty of care and caution toward them must calculate upon this, and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they, in their immature judgment, might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken."

We are of the opinion the jury could properly find that the scraper was of such a character, and was so located, under the circumstances, that the defendant should have reasonably anticipated that children would climb upon it, if given the opportunity, in their play. See Farbarik v. Jones, 67 Pa. Superior Ct. 517. In the case of Hydraulic Works Company v. Orr et ux., 83 Pa. 332, 335, it was held: "...... duties arise out of circumstances. Hence, where the owner has reason to apprehend danger, owing to the peculiar situation of his property and its openness to accident, the rule will

vary. The question then becomes one for a jury, to be determined upon all its facts of the probability of danger and the grossness of the act of imputed negligence." In the case at bar, the question was for the jury as to whether the injury to the minor plaintiff might have been anticipated or foreseen had the defendant exercised the care and foresight of a reasonably prudent person. 20 R. C. L. 84.

Whether the negligence of the defendant was the proximate cause of the minor plaintiff's injuries was also a question for the jury. The jury might find from the evidence that the act of the defendant in leaving the road scraper adjacent to the streets of the borough, in the vicinity of their playgrounds, and in the neighborhood of their homes, where it was attractive and accessible to the children of that locality, without guarding or fastening its mechanism, was the dominant and efficient cause which naturally and reasonably resulted in the injury herein complained of. Euler v. City of Pittsburgh, 85 Pa. Superior Ct. 542; Wallace v. Keystone Automobile Company, 239 Pa. 110, 86 A. 699.

The appellee contends that the injury to the minor plaintiff was not caused by the negligence of the defendant, but by the carelessness of other children over whom defendant had no control.

We are of the opinion that the reasoning in the case of Euler v. City of Pittsburgh, supra, is applicable to the facts in this case.

If the moving of the mechanism of the scraper by children was a natural and looked for consequence of the failure to fasten or otherwise secure it, then any injury resulting from such moving may be fairly attributable to the failure of the defendant to use reasonable precaution to fasten it so that it could not be manipulated. Where a machine, such as this, attractive to children, is left in the vicinity of public streets, in the neighborhood of the children's homes, and adjacent to

land used and recognized as their playgrounds, in such a condition that it may be set in motion by them, the failure to fasten it or to make it immovable is the proximate cause of injury resulting to such children from its being moved or operated by them. If the scraper had been securely fastened so that its mechanism could not be manipulated by the children, the accident would not have occurred. The action of children of immature judgment, naturally to be anticipated in such circumstances, is not considered such an independent agency as to break the chain of connected events, which resulted in their injury, springing from the neglect to fasten the flywheels and other parts of the scraper securely in the first instance. See Euler v. City of Pittsburgh, supra.

In the case of Wassel et ux. v. Ludwig, 92 Pa. Superior Ct. 341, 344, it was also held: "Where the defendant's negligence concurred with some other event to produce the injury so that it appears that without such negligence it would not have occurred and both circumstances are closely connected with the injury in the order of events, the defendant is responsible though his negligent act was not the nearest cause in the order of time." See, also, Chambers v. Ellis, Inc., 104 Pa. Superior Ct. 41, 158 A. 583; Taylor et al. v. Di Sandro, 102 Pa. Superior Ct. 258, 156 A. 569; Fehrs et al. v. McKeesport, 318 Pa. 279, 178 A. 380; Loughlin v. Pennsylvania Railroad Company, 240 Pa. 174, 87 A. 294.

Appellee relies upon such cases as Thompson v. Baltimore & Ohio Railroad Company, 218 Pa. 444, 67 A. 768; Roscovich et al. v. Parkway Baking Co., 107 Pa. Superior Ct. 493, 163 A. 915; Dornick et ux. v. Wierton Coal Co., 109 Pa. Superior Ct. 400, 167 A. 617; and Fitzpatrick v. Penfield, 267 Pa. 564, 109 A. 653. These cases, upon an examination of their facts, are readily distinguishable from the case at bar. This is apparent when we consider that, in the present case, the defend-

ant knew, or ought to have known, that the children would make use of the machine, and nevertheless provided no guards or protection from the peril to which they were exposed, although it might reasonably have done so. Here the defendant knew that the machine was alluring to children and appealed to their childish instincts of curiosity and amusement. Having this knowledge, the defendant nevertheless placed it adjacent to the borough highways, in the vicinity of land used by the children for playground purposes, in the neighborhod of their homes, and in a place open to and apparently frequented by them. It was made easily accessible to the children of the neighborhood, and constituted a peril not to be appreciated by them. Moreover, the jury was justified in finding that the injury to the minor plaintiff in the present case was the natural and probable consequence of the defendant's conduct, and such as might and should have been foreseen and reasonably expected as likely to result from the act complained of. The facts in this case created a condition, the result of which might, under the circumstances, have been reasonably anticipated by the defendant. See Nichol et al. v. Bell Telephone Co., 266 Pa. 463, 109 A. 649.

The case of Widger v. Philadelphia, 217 Pa. 161, 66 A. 249, cited by the appellee and the court below, is not in point on the question of proximate cause. In that case, the defendant was under no duty to the plaintiff to protect him from a danger not to be anticipated. The same may be said of the case of Rhad v. Duquesne Light Co., 255 Pa. 409, 100 A. 262, likewise cited by the appellee.

We are of the opinion that, under all of the facts of this case, the verdicts of the jury should be sustained.

The assignment of error is sustained. The judgment appealed from is reversed, and the record is remitted that judgments may be entered on the verdicts.