## Don et al. *v.* J. S. Ivins Sons, Inc., Appellant.

*Negligence—Personal injuries—Electric truck—Evidence—Case for jury.*

In an action of trespass to recover damages for personal injuries sustained by a young boy, it appeared that defendant's electric truck was left standing in a public street, near a sidewalk where

several boys were playing. It also appeared that the truck suddenly started over the curb on to the sidewalk, and struck the plaintiff. There was evidence that one of the boys jumped on the running board of the truck, but there was no evidence that any person had interfered with the mechanism used to start and stop it. Under such circumstances, the case was for the jury, and a verdict for the plaintiff will be sustained.

If an electric truck is left standing in a public street, near a sidewalk, where boys are at play, and the truck is left in such condition that a slight jar, such as a young boy jumping on to the running board, will start the machinery in operation and cause the truck to run up-hill, it is a question for the jury to determine whether the power had been properly cut off and the brakes set.

Rhad vs. Duquesne Light Co., 255 Pa. 409 distinguished.

Argued November 9, 1926. Appeal No. 134, October T., 1926, by defendant from judgment of C. P. No. 5, Philadelphia County, September T., 1923, No. 7617, in the case of Alfred Don by his father and next friend, Charles Don, and Charles Don in his own right v. J. S. Ivins Sons, Inc. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for personal injuries. Before HENRY, P. J., 52d Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdicts for plaintiffs in the sums of $750 for the minor plaintiff, Alfred Don and $43 for plaintiff Charles Don, and judgments thereon. Defendant appealed.

*Errors assigned* were to the charge of the Court and refusal of defendant's motion for judgment non obstante veredicto.

*George Gowen Parry,* of *White, Parry, Schnader & Maris,* for appellant.—The doctrine of res ipsa loquitur is not applicable; Livingtone v. Pittsburgh Rwys. Co.

64 Pa. Superior Ct. 593; Alexander v. Pa. Water Co., 201 Pa. 252; Allen v. Kingston Coal Co., 212 Pa. 54; Rhad v. Duquesne Light Co., 255 Pa. 409.

*William Charles Brown,* for appellee.—The case was for the jury: Helfrich v. Gurnari, 78 Pa. Superior Ct. 449; Wallace v. Auto Company, 239 Pa. 110; Wiles v. Emerson-Grantingham Co., 267 Pa. 47.

OPINION BY PORTER, P. J., March 3, 1927:

This is an action to recover for personal injuries to the minor plaintiff, a very young boy, alleged to have been sustained when an electric truck of the defendant company which had been left standing in the street unattended by the chauffeur suddenly started and one wheel of the truck ran over the curb on to the sidewalk and struck the boy who was there playing. The plaintiff recovered a verdict and judgment in the court below, from which we have this appeal by the defendant.

The testimony produced by the plaintiff would have warranted a finding that the chauffeur, who was admittedly the employe of the defendant and engaged in the furtherance of its business, stopped the truck in front of No. 2010 Parrish Street, Philadelphia, and went into that house, leaving the truck unattended, while four small boys were playing upon the sidewalk of the street; that within a very short time after the chauffeur had entered the house the truck started, under its own power, upon an up-grade; that no person had interferred with the mechanism used to start and stop the truck; that the mechanism was in the same condition in which the chauffeur had left it, and that the front wheel of the truck mounted the curb and injured the boy. There can be no doubt that the starting of the truck was the proximate cause of the accident resulting in the injury to the boy. This testimony on behalf of the plaintiff made out a prima facie case

of negligence against the defendant which the latter was required to meet, and whether it did so successfully was a question for the jury: Wallace v. Keystone Auto. Co., 239 Pa. 110; Helfrich v. Gurnari, 78 Pa. Superior Ct. 449.

The chauffeur who was driving the truck was called as a witness by the defendant and testified that when he stopped the electric truck he took the switch key used to turn on the electric current out of the slot and put it under the cushion; that this cut off the electric current, and that he set the foot brake; that the car could not then be moved without some person inserting the key in the slot, at the left of the driver's seat, and then turning what he called the trolley wheel, a small wheel under the steering wheel, thus applying the current and then releasing the brake, in order to cause the truck to move up-grade, as this truck did. The credit to be given this testimony was, of course, for the jury. The only witness called by the defendant in explanation of how the truck was started was John C. Laird, a young boy, who testified, in substance, that he jumped on the running board of the truck, which then started. He testified positively that he did not get into the truck, did not touch the key or put it into the slot, did not turn any wheel or interfere with the mechanism which operated the truck; that all he did was jump on the running board; that the truck then started and he jumped off. He testified that he did not see any person in the truck, or in the driver's seat. If an electric truck is left standing in a public street, near a sidewalk where boys are at play, and the truck is left in such condition that a slight jar, such as a young boy jumping on to the running board, will start the machinery in operation and cause the truck to run up-hill, it is a question for the jury to determine whether the power had been properly cut off and the brakes set.

While some of the instructions of the court to the jury assigned for error might, as general propositions, be subject to criticism, those instructions must be considered in connection with all that was said by the learned judge and the evidence in the case. There was no direct evidence that any person had interfered with the mechanism which operated the car, after the chauffeur left it, and this fact distinguishes the case from that of Rhad v. Duquesne Light Co., 255 Pa. 409.

The assignments of error are overruled and the judgment is affirmed.