## Reardon *v.* Smith, Appellant.

Argued November 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*George J. Schorr,* with him *Lemuel B. Schofield,* for appellant.—Since there was no witness as to how the

accident happened, the case is governed by the rule that, in order to establish the negligence by circumstantial evidence, there must be created a reasonable probability of defendant's fault to the exclusion of every other reasonable cause: Cain v. Booth & Flynn, 294 Pa. 334; Flanigan v. McLean, 267 Pa. 553; Mack v. Gypsum Co., 288 Pa. 9; McAvoy v. Kromer, 277 Pa. 196; Wiser v. Parkway Baking Co., 289 Pa. 565; Erbe v. Transit Co., 256 Pa. 567; Fink v. Traction Co., 224 Pa. 618; Stahl v. Sollenberger, 246 Pa. 525.

*J. Morris Yeakle*, with him *Victor Frey*, for appellee. —In cases to recover damages for death, although there must, of course, be affirmative proof of negligence before recovery can be had, it is not always essential that there be an eyewitness of the occurence; the proof may be furnished by the circumstances themselves: Madden v. R. R., 236 Pa. 104; Tucker v. Ry., 227 Pa. 66; Ferry v. P. R. T. Co., 232 Pa. 403; King v. Brick & Mining Co., 284 Pa. 283; Dannals v. Twp., 255 Pa. 156; Hunter v. Pope, 289 Pa. 560; Van Winckler v. Morris, 46 Pa. Superior Ct. 142.

OPINION BY MR. JUSTICE FRAZER, January 6, 1930:

The jury having returned a verdict for plaintiff, defendant appeals from refusal of the court below to either enter judgment n. o. v. in his favor, or grant a new trial This refusal and the rejection by the trial judge of a motion for binding instructions form the basis of appellant's two assignments of error.

The facts and circumstances of the accident by which the husband of plaintiff suffered injuries that resulted in his death are not confusing. Reardon, a man of good health and habits was employed as watchman at the Baldwin Locomotive Works in the City of Philadelphia; at the usual hour, on May 13, 1927, late in the afternoon, and in daylight, having finished his day's work, he started for his home. His way led to Fifteenth Street,

which he reached, carrying his dinner pail. While proceeding upon the sidewalk of that street he was struck by an automobile, and when picked up on the car track, immediately after the accident, was found to be unconscious and having sustained injuries from which he died the following day.

The contention of plaintiff is that her husband was struck by an automobile driven by defendant, which suddenly plunged upon the sidewalk of Fifteenth Street at the point where deceased was walking, hurling him by the impact into the street, and that the accident was caused by defendant's negligent operation of the car. Appellant contends the evidence was not sufficient to establish, as the only reasonable inference, to the exclusion of other reasonable inferences that the automobile ran upon the sidewalk and there collided with deceased. In effect, that was the question presented by the trial judge in his charge to the jury. By their verdict they affirmed the sufficiency of the evidence to establish the claim of negligence.

In a controversy such as this, where the evidence is not extensive or the facts and circumstances far-reaching or intricate, the reasonable scope of conjecture as to the cause or causes of the accident is limited, and sound logical presumptions emerge clearly from the sufficiency of the proofs. It is of course evident that, where the testimony does not plainly show and establish the actual cause of the occurrence and the fact of negligence, a wide range of possibilities may be indulged in, any of which may be imaginably true. In the present case, counsel for appellant are not chary in evoking possibilities. They assert support is found for this indulgence in the case of McAvoy v. Kromer et al., 277 Pa. 196. The evidence in that case, quite dissimilar to the one in hand, left the main questions wholly in the realm of conjecture. There plaintiff, a boy, left the sidewalk, stepped from the curb into the roadway and was struck by an automobile. There was no testimony to show the

car's location when he entered the driveway, no proof of lack of proper control or of excessive speed or of other facts from which negligence could reasonably be inferred. Did the boy attempt to cross the street regardless of traffic? Did he dart unexpectedly in front of the vehicle? Did the car suddenly swerve and hit him? There were possibilities in that case, but no evidence to enlarge and establish them as reasonable presumptions or even inferences. In the case at present under review the successive stages of the accident, before and after the occurrence, are lifted, by proven facts, out of the domain of mere conjecture. Deceased, after quitting his post of watchman to return home, was last seen, almost at the instant of the accident, walking on the sidewalk, carrying his dinner pail. Immediately after, he was seen lying unconscious in the roadway, and at the same instant a large automobile stood entirely across the footwalk at the location where Reardon was last seen. A witness standing on Fifteenth Street, a short distance from where the accident happened, testified that he "heard a loud screech like steel" and "looked around and seen a big automobile on the pavement and a man laying out in the middle of the car track."

No person apparently saw the actual impact of the car with the body of Reardon. "It is not essential that there should be an eyewitness of the occurrence. The proof may be furnished by the circumstances themselves. The test is whether they are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of defendant": Ferry v. P. R. T. Co., 232 Pa. 403, 406; Miller v. Siebert, 296 Pa. 400, 406. A witness who saw Reardon on the sidewalk, immediately before the accident, testified: "I was looking out of the window and I seen a car coming over on the sidewalk, and then the grinding of the brakes and I seen a man lying out in the middle of the street." He could not say he saw the car strike deceased, because "it happened so quick."

We said in Mack v. U. S. Gypsum Co., 288 Pa. 9, 11: "It is the duty of the plaintiff in a case of this sort 'so to picture or describe' the facts upon which he depends to show liability on the part of the defendant as to enable the jury to visualize the occurrence and 'to form an independent judgment' thereon." From the reliable evidence in this case it could not be difficult for the jury to visualize the occurrence. A man is walking on the sidewalk, carrying a dinner pail; a large automobile is coming swiftly behind him on the driveway; suddenly the car plunges upon the sidewalk where the man is passing, strikes him, hurls his body into the street and his dinner pail back to the rear railing of the sidewalk. There is not the slightest evidence tending to indicate that Reardon had stepped off the footwalk into the driveway before being struck, except the wholly unsupported and inconclusive statement of defendant. It was shown that a small Ford automobile had been travelling ahead of the car of defendant, going in the same direction. But when defendant drove back to where the injured man lay he made no reference to that car, made no denial that it was his own vehicle that hit deceased, saw the injured man taken away in a taxicab, and three days later he appeared at the home of plaintiff, said to her son that he did not know how the accident happened, that he was driving down Fifteenth Street "to make a train at the Broad Street Station," and then offered aid to the family of deceased. His testimony at the trial was clearly the product of after-thought. He denied, by the sole word "No," that it was his car that struck Reardon; said the Ford car passed him, but did not claim it was that car which caused the accident. The strongest testimony he was able to present was: "I saw Mr. Reardon come out under the front of this Ford car and spin around, or something." But according to the witnesses who testified to the direct aspects of the accident, the Ford automobile had slowly gone ahead, after

passing defendant's car before the accident, and disappeared down Fifteenth Street.

In view of all the evidence there can be no reasonable doubt that it was defendant's automobile that struck Reardon, and the conclusive presumption is that he was upon the sidewalk when struck and that the accident was caused by the plunging of defendant's car upon the footway at the instant Reardon was passing by. We concur in the conclusion of the learned court below, when it says: "A quotation from the opinion in Madden v. Lehigh Valley R. R. Co., 236 Pa. 104, 109, is applicable to this case. It was there said: 'The strong probability is that the accident occurred as found by the jury, and no other reasonable theory upon which to account for it is suggested by the evidence.'"

Judgment affirmed.