Roscovich et al. *v.* Parkway Baking Co., Appellant.

494

Argued October 11, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Harry Reiss Axelroth* of *Axelroth and Porteous,* for appellant.

*Hubert J. Horan, Jr.,* and with him *John F. Corcoran,* for appellee.

Opinion by Stadtfeld, J., January 25, 1933:

This was an action of trespass brought on behalf of a minor child, aged about five years and his father, to recover damages for personal injuries sustained by the

child because of alleged negligence of defendant company in the operation of an electric truck. The truck in question was driven by a driver in the employ of defendant on Hoffman Street to the corner of Second Street in the City of Philadelphia, and left standing parallel with, and either snug up or close to the curb, while the driver went into a nearby store to make a delivery. While the driver was in the store and while the truck was in the position mentioned, the minor plaintiff, Louis Roscovich, boarded the truck and got up into the cab where the driver's seat is located, and was at or near the steering wheel of the truck at which time the truck started slowly in motion, and the minor plaintiff either jumped or fell from the truck, and sustained the injuries complained of.

One witness, Schall, testified on plaintiff's behalf that as the truck was stopped several boys attempted to jump on it and that they were chased away by the driver who then went into the corner store. This witness stated, however, that when the Roscovich boy boarded the truck immediately prior to the accident, the driver was in the store.

It further appeared that the driver's attention was attracted to the occurrence; that he pursued the truck and boarded it while it was still in motion, and found that the emergency brake was still set and that the power was turned on.

On behalf of the defendant it was shown that there is a one per cent up grade on Hoffman Street at the corner of Second Street for a distance of about eighty feet and then it breaks and goes down one per cent towards Front Street.

This electric truck is driven by an electric motor, and the power is applied, and the speed is varied, by a controller which operates from a small wheel about half the diameter of the steering wheel and under the latter. The truck was supplied with a foot brake oper-

ated on a ratchet. When you push the brake on, the ratchet catches and holds it; to release it, you give it a push forward and then release it and it flies out. The truck was admittedly in good mechanical condition at the time.

The driver of the truck testified that before going into the store, he shut the power off and applied the brake, and as a result, the truck was at a dead stop right close to the curb. When in the store only a minute, his attention was attracted by a woman screaming, and he ran out and saw the truck moving very slowly towards Second Street; he jumped on the truck, saw it had the control wheel turned on, so he shoved it back, thereby shutting the power off, and returned the truck to its former position; the brake was still on at the time he jumped on the truck. The driver admittedly did not, before entering the store, remove the so-called "contact key" by which the connection is made through which the power is applied; he was unable to state whether the lock was located on the front or the side of the car. There was also testimony that the truck would not start moving by reason of a person jumping on, because of the notches and spring ratchet in the mechanism of the wheel.

At the conclusion of the testimony, the case was submitted to the jury to determine whether the defendant was negligent in the operation of its truck in parking it in the manner described. The learned court, BROWN, JR., J., declined defendant's point for binding instructions. Verdicts resulted in favor of the minor plaintiff and his father; motions for a new trial and for judgment non obstante veredicto were filed. The motion for new trial was subsequently withdrawn, defendant electing to stand entirely upon its motion for judgment n. o. v. This latter motion was subsequently dismissed, and judgment entered on the verdicts. From these judgments, these appeals are taken.

The learned trial judge relied on the case of Don et al. v. J. S. Ivins Sons, Inc., 90 Pa. Superior Ct. 105. The opinion by our late Brother, President Judge PORTER, sufficiently discloses the facts of that case, which are readily distinguishable from those of the instant case. He says, p. 107: "The testimony produced by the plaintiff would have warranted a finding that the chauffeur ...... stopped the truck in front of ...... and went into that house, leaving the truck unattended, while four small boys were playing upon the sidewalk of the street; that within a very short time after the chauffeur had entered the house the truck started, under its own power, upon an upgrade; that no person had interfered with the mechanism used to start and stop the truck; that the mechanism was in the same condition in which the chauffeur had left it, and that the front wheel of the truck mounted the curb and injured the boy. There can be no doubt that the starting of the truck was the proximate cause of the accident resulting in the injury to the boy. This testimony on behalf of the plaintiff made out a prima facie case of negligence against the defendant which the latter was required to meet, and whether it did so successfully was a question for the jury."

In the instant case, the minor plaintiff had jumped on to the truck, and when he got up, the truck was standing perfectly still, and it was only after he was on, that the truck started off, and he either fell or jumped off. Notwithstanding that the learned judge in the instant case instructed the jury that "the boy had no right to get on that truck, no right to be there. He was a trespasser on somebody's else property, and had no right there," etc., etc., and ...... "that there is no evidence in the case ...... that there was any wantonness on the part of the defendant," he failed to apply the rule of law applicable to the facts, and allowed the jury to dispose of the case by passing on

the question of whether defendant was guilty of negligence in parking the truck in the manner as hereinbefore indicated. In this we think there was error.

There is a marked difference between the duty owing a minor who is on the public highway, where he has a legal right to be, as in the Don case, and that imposed in favor of one who is a trespasser.

In the case of Fitzpatrick v. Penfield, 267 Pa. 564, the language in the opinion by Mr. Justice KEPHART is most pertinent: "...... To establish negligence, it must appear that some duty has been unperformed, and without the violation of the duty there can be no negligence. A duty may be imposed either through the relation of the parties or by statute, and, where there is a duty or an obligation, some right exists in another. Speaking generally of the wall left standing after the fire and with regard to an undoubted right in another, it was appellant's duty not to negligently, that is, carelessly, commit or omit any act whereby a person or his property might be injured. The standard by which the performance of this duty may be judged is ordinary care under the circumstances, or the conduct of an ordinarily careful person, in relation to the particular duty under consideration. ...... Returning to the principle of law first noted, did the defendant owe the duty, there discussed, to the children? The case must not be confused with those where the injured person is a trespasser on the injurer's property. There is no liability for injury to such person (except for wantonness); the owner owes no duty, either to an adult or a child of tender years, and because of the absence of a relation which imposes a duty there is no right of action. The underlying principle of the law in such cases is that the injured person was where he had no right to be; the owner was using his property in a lawful manner for a lawful purpose, and, unless wantonness or wilfulness be shown, the owner is not

liable. He is not bound to keep his premises in a suitable condition and, as against trespassers, he need not take any of the ordinary precautions to safeguard places on his property: B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; Thompson v. B. & O. R. R. Co., 218 Pa. 444; Gillis v. P. R. R., 59 Pa. 129, 141; Gramlich v. Wurst, 86 Pa. 74; Rodgers v. Lees, 140 Pa. 475; Selve v. Pilosi, 253 Pa. 571. Ordinarily, the tender age of a child cannot have the effect of raising a duty where none otherwise existed, and the rule throughout the United States is that the mere fact a trespasser is a child will not create or impose on the owner of a property any duty to keep his premises safe; especially is this true in this State, where the owner does not erect on his premises an attractive appliance, or permit the land to be used as a play-ground for such length of time as to presuppose an invitation or permission to occupy the premises in this manner. ...... Assuming that the children were trespassers, the owners of the French lot would not be liable, short of wantonness or wilfulness, for anything that befell them while on these premises. ......'' To same effect, Venzel v. Valley Camp Coal Co., 304 Pa. 583.

The same rule applies as to personal property. In Wind v. Steiert and Son, 71 Pa. Superior Ct. 194, a nine year old boy was permitted by the driver of defendant's truck to ride upon it, and, while the truck was in motion, the boy either jumped or was thrown from the truck, and sustained fatal injuries. The court, through our late Brother Orlady, said pp. 196, 197: ''...... The foundation of the plaintiff's right to recover, if at all, must be a negligent act of the defendants, through their driver's conduct while in the course of his employment. That a child of this age may be a trespasser and be subject to the rule of law relating to trespassers, has been held many times. While he may not be charged with contributory negligence, much

may depend upon the character of the injury, the circumstances under which it occurred, and the intelligence and maturity of the child. These boys were engaged in the usual pleasure of children on the streets, and whether permitted to mount the truck, or were there with the knowledge of the driver, the defendant's liability in this case is to be measured by certain fixed rules of the law which hold the master liable for the negligent and wanton acts of the servant. And to recover in such a case, it must appear that there was a wanton or intentional injury inflicted. Under the undisputed testimony the boy was where he had no right to be, on the property of the defendant,—which was being used in a lawful manner for lawful purposes in the conduct of its business, with positive orders to the servant that the children should not be permitted to ride on it. This defendant owed to this child, whether an invited guest or a trespasser, the duty not to injure him intentionally, but it was under no duty actively to take care of him by keeping him off the truck, or for injuries resulting from his voluntarily leaving it. There was no negligence unless there was a breach of duty, and the testimony being undisputed, it was the duty of the court to instruct the jury that this defendant was not liable in this action. ......'' To the same effect, Perrin v. Glassport Lumber Co., 276 Pa. 8.

Appellee relies upon the Motor Vehicle Code, the Act of May 11, 1927, P. L. 886, Section 1025, requiring where motor vehicles are left unattended, that brakes be set and the engine stopped. We do not think that there was any evidence warranting the submission of the case to the jury on this point.

The assignments of error are sustained, the judgments reversed, and judgment now entered in favor of defendant.