Sajatovich v. Traction Bus Company, Appellant.

570

Argued March 26, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. Earl Ogle, Jr.,* for appellant.

*Walter E. Glass,* for appellee.

OPINION BY MR. JUSTICE DREW, April 23, 1934:

This is an action of trespass to recover damages for the death of plaintiff's husband, who, on the evening of Thanksgiving Day, 1931, was struck and killed by a bus owned by the defendant company and operated by one of its employees. At the trial, defendant moved for a compulsory nonsuit, and, when the motion was refused, offered no testimony, but submitted a point for binding instructions. The point was denied, and the case submitted to the jury, which returned a verdict for the plaintiff. From the overruling of its motion for judgment n. o. v. and the entry of judgment on the verdict, defendant appeals, contending that there was no evidence of negligence in the operation of the bus.

The facts, as testified to by plaintiff's witnesses, may be summarized as follows: The accident occurred on a paved highway known as Steele Street, which leads through a small settlement called Tanneryville, just outside the corporate limits of the City of Johnstown. All buildings there are located on the east side of the street, which has an unpaved sidewalk. On the west side of the street there is no sidewalk, but a wide, well-compacted earth or cinder berm is much used by pedestrians. Shortly after six o'clock on the evening in question the decedent made a few purchases at the store of Joe Cernic in Tanneryville and started to walk down Steele Street to his home in Johnstown. Cernic watched the decedent from the store window until he was lost to view in the darkness; he was last seen on the east sidewalk, about fifteen feet south of the store. Cernic returned upstairs to his living quarters, and had been there "about a minute or two," when the defendant's bus driver came in and asked those present to identify a man he said he had killed. They found decedent lying on the road near the opposite edge of the pavement—which is 24 feet wide— and about 50 feet south of the store. Apparently he had

fallen where he had been hit. From the injury which he had thus received, a fractured skull, he died less than two hours later.

At the time of the accident defendant's bus, carrying no passengers, was proceeding southward on its regular route to Johnstown. None of the witnesses saw the collision (the bus driver was not called), but the bus was observed about 350 feet before it struck the decedent, and it was then traveling at a speed of about 20 to 25 miles an hour. There is a slight down grade toward Johnstown at that point, and when the bus came to a stop after the collision it was about 30 to 35 feet beyond decedent's body, and more than halfway off to the right of the paved portion of the highway. The headlights of the bus were very dim, and illuminated the road for a distance of only 12 to 15 feet.

In restating the facts, we have, of course, viewed the testimony in the light most favorable to plaintiff. Nevertheless we are forced to conclude that the court below clearly erred in not entering judgment for the defendant. The burden was upon plaintiff to prove negligence, but this burden she did not sustain. The mere fact that the decedent, a pedestrian, was struck by a vehicle on a public highway was not sufficient to support a finding of negligence: Erbe v. P. R. T. Co., 256 Pa. 567; Flanigan v. McLean, 267 Pa. 553; McAvoy v. Kromer, 277 Pa. 196; Justice v. Weymann, 306 Pa. 88; Hoffman v. Herman, 107 Pa. Superior Ct. 92. And the evidence above set forth, which was substantially all that was produced as to how the accident occurred, fails utterly to disclose any specific act of negligence on the part of defendant or its driver which caused the fatal accident. True, negligence may be inferred from attendant circumstances (Tucker v. Ry. Co., 227 Pa. 66; Reardon v. Smith, 298 Pa. 554; see Wiser v. Parkway Baking Co., 289 Pa. 565), but here, aside from the accident itself, there are no circumstances pointing in that direction. The speed of the bus a block before the accident was not

high, and the record is silent as to its speed at the scene of the collision, or even as to anything which on this occasion might have suggested danger to the driver at that point. And the fact that the bus did not come to a stop until over 30 feet beyond the point of impact does not show negligence, particularly since there was a down grade at that point. Equally inconclusive as proof of negligence is the fact that the bus, when it stopped, was over halfway off the road, or the fact that the headlights were very dim. As to the former, it was testified that the driver, immediately after the accident, accounted for the position of the bus by saying that he had pulled to the right as far as possible in order to avoid hitting the decedent; as to the dimness of the headlights, there was nothing to indicate that it was in any way a contributing factor to the accident. This the plaintiff was bound to show; one who claims damages for loss alleged to have been caused by another's negligence must prove not only that the other party was negligent, but also that the loss sustained was the result of such negligence. This burden she entirely failed to meet. Plaintiff's evidence left it purely a matter of conjecture as to how the collision occurred, and that is not sufficient.

A number of plaintiff's witnesses testified that the place where the decedent was struck was a customary crossing, that when walking into the city the residents of Tanneryville were accustomed to cross from the east side of the street to the west side at that point because further progress on the east side was blocked by a hill. Therefore, it is contended, defendant's driver owed a much greater duty of care at this place where pedestrians were to be expected. Defendant, on the other hand, argues that the testimony presented is insufficient to establish the existence of a public crossing. It is unnecessary for us to decide this question. Even if it be assumed that the accident did occur at a public crossing, the mere proof of that fact does not suffice to relieve plaintiff of the burden resting upon her to prove negli-

gence. While the drivers of vehicles must exercise extreme care and be highly vigilant at crossings (Byrne v. Schultz, 306 Pa. 427, and cases there cited), the doctrine of res ipsa loquitur does not apply to a collision at a crossing between a pedestrian and a vehicle any more than to such accidents at other points on the highway: Erbe v. P. R. T. Co., supra; Gilles v. Leas, 282 Pa. 318.

In final analysis, plaintiff's argument is an attempt to prove the negligence necessary to support a recovery by an application of the familiar rule that one who loses his life in an accident is presumed to have used due care, plus the fact that the headlights of the bus were dim. We cannot agree that this is sufficient. There must be some evidence to indicate *how* the accident occurred, and of that this record is entirely barren. Were we to assent to plaintiff's proposition, we should be holding that the mere happening of this accident proved that one of the parties was negligent, that since we must presume that the decedent used due care, the bus driver must have been the negligent party, and that therefore the accident must have been caused by the dim lights on the bus. Such a strained inference from the facts—not to mention the violation of well established rules of law—cannot for a moment be entertained.

The judgment is reversed and here entered for defendant.