## Klein et ux., Appellants, *v.* Philadelphia Rural Transit Company.

Argued January 10, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Hugh Roberts,* for appellants.

*George H. Detweiler,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE DREW, January 31, 1936:

Plaintiffs sued in trespass to recover damages for their son's death. The jury returned a verdict in their favor, and the court in banc subsequently granted defendant's motion for judgment n. o. v. Plaintiffs then appealed.

The accident occurred late in the afternoon of April 27, 1932. The sun was shining. One of defendant's buses, thirty feet in length, was proceeding in an easterly direction along Rhawn Street, a thoroughfare twenty-two and a half feet wide, in the City of Philadelphia. Approaching the right-angle intersection of that street with Verree Road, eighteen and a half feet in width, the bus stopped, preparatory to making a right turn onto Verree Road. The bus had started and the turn was almost complete when a bump was felt, a woman passenger shouted, and the vehicle stopped. Alighting from the bus, the driver picked up a boy thirteen years of age. His body was found directly behind the right rear wheel and the bicycle on which he had been riding was lying in a small culvert at the edge of the surface of the road. The boy died within an hour, death being due to an abdominal hemorrhage.

Verree Road is paved, but there is no curbing on either side. To the east there is nothing but vacant land. On the west there is a very shallow gulley which serves as a gutter. It is near the intersection with Rhawn Street that this gutter drains into the small concrete culvert where the bicycle was found. On the other side of the gutter, after a slight rise, there is a cinder path which is used as a sidewalk.

In so far as the question of negligence is concerned, plaintiffs' case is founded upon little more than the testimony of two witnesses who really did not see the col-

lision at all. The proprietor of a garage located on the western side of Verree Road seventy-five feet south of the intersection testified that while he was pumping gasoline he noticed the boy on his bicycle on the far side of the highway. He was riding northerly toward Rhawn Street. This witness next saw the boy when the driver was lifting him from the road. The other witness was another bicyclist. While passing the garage himself he saw the deceased riding on the easterly side of the road going toward Rhawn Street. The boy was in the driver's arms when he saw him again. On the basis of this testimony, together with the evidence of the doctor as to the injuries received, and the further fact that the bus, when stopped after the accident, was facing diagonally and was blocking the whole road (there is no evidence, however, as plaintiffs would have us believe, that the rear end of the bus overhung the cinder path), plaintiffs sought to establish negligence on the part of defendant. Manifestly, the learned trial judge should have granted defendant's motion for a compulsory nonsuit. It must be obvious that plaintiffs' whole case is founded upon nothing more than the mere fact that an accident occurred and their son was killed. On the other hand, it is clear that negligence will not be presumed from the mere happening of a collision between a bicycle and a motor vehicle: Presser v. Dougherty, 239 Pa. 312. The many theories and conjectures as to just what actually happened, with which plaintiffs' brief is replete, cannot take the place of evidence. There can be no doubt that their evidence, viewed in the light most favorable to them, fails completely to establish a case. Our remarks upon the character of the evidence produced in Sajatovich v. Traction Bus Co., 314 Pa. 569, are equally appropriate here. We there said, at page 573: "Plaintiff's evidence left it purely a matter of conjecture as to how the collision occurred, and that is not sufficient"; and again, at page 574: "There must be some evidence to indicate *how* the accident occurred."

Plaintiffs, relying upon Mars v. P. R. T. Co., 303 Pa. 80, vigorously contend that the circumstantial evidence was sufficient. While it is true that negligence may ·be inferred from the attendant circumstances (Tucker v. Ry. Co., 227 Pa. 66; Reardon v. Smith, 298 Pa. 554), to hold that negligence might properly be inferred from such facts as are to be found in this record would be nothing less than a holding that negligence might legitimately be inferred from the mere happening of an accident. Moreover, in our opinion, the attending circumstances, far from indicating negligence on defendant's part, tend to show a complete absence thereof.

Nor are plaintiffs aided in any way by defendant's evidence, which consisted, for the greater part, of the testimony of the driver of the bus and the only two passengers at the time of the accident. The driver testified that he saw the boy when he stopped the bus prior to making the turn, and that the boy was then across from the garage. He stated further that the boy started to cross the road at the same time that he started to turn, and when he had almost completed the turn the boy passed the door at the front of the bus, riding on the cinder path. One of the passengers likewise noticed the boy in front of the garage. This witness continued to watch him. He saw him as he passed by the front of the bus, riding on the cinder path. He testified that "when [the boy] got near the rear of the bus, . . . his hands went up . . ., he pitched forward, and then [the witness] felt a bump." The other passenger, a woman, saw him pass by. She knew the boy, and, thinking that he might look her way, and being desirous of waving to him in case he did, "turned and followed him for a distance of about two or three windows, and just as he got back there, [she] felt a bump." She shouted and the bus stopped within seven feet.

We have carefully considered the whole record. The conclusion is inescapable that the boy either ran into the bus or was thrown thereunder because of some mishap

in connection with the management of his bicycle for which defendant was not responsible. There is no doubt that the evidence was insufficient to warrant any finding of negligence on defendant's part.

Judgment affirmed.