## Niziolek *v.* Wilkes-Barre Railway Corporation, Appellant.

Argued April 13, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Paul Bedford,* with him *Benjamin R. Jones, Jr.,* and *Frank A. McGuigan,* for appellant.

*Maurice S. Cantor,* with him *Jesse Hyman,* for appellee.

OPINION BY MR. JUSTICE DREW, May 25, 1936:

Plaintiff brings this suit in trespass to recover damages for the death of her husband due to alleged negligent operation of defendant's trolley car.   At the trial defendant moved for a compulsory nonsuit and, when the motion was refused, offered no evidence, but submitted a point for binding instructions.   The point was denied, and the case submitted to the jury, which returned a verdict for plaintiff.   From the overruling of its mo-

tion for judgment n. o. v. and the entry of judgment on the verdict, defendant appeals, contending that there was no evidence of negligence in the operation of the trolley car.

The testimony of plaintiff's witnesses may be summarized as follows: Shortly after midnight, plaintiff's husband and a companion were struck and killed by defendant's trolley car on a curve in defendant's track where the daytime visibility along the track was 140 feet. Weather conditions were fair and the headlight of the trolley car was burning brightly. There were blood stains on the track for a distance of about forty feet. The motorman stated to witnesses that he "thought [he] had seen something in the track and passing cars' headlights blinded [him]," and he did not see deceased and his companion until he was "on top of them." It was customary for pedestrians to walk in the trolley track in the vicinity of the accident.

The burden of proving how the accident happened was upon plaintiff. This burden she has failed to sustain. According plaintiff's evidence the interpretation most favorable to her, we must nevertheless reach the conclusion that she has not established that the accident was caused by any negligence on the part of defendant's motorman, either through failure to perform or through negligently performing a duty owed to plaintiff's decedent. Plaintiff advances many theories and conjectures as to what happened, but these cannot take the place of evidence. How did defendant's car and plaintiff's husband come into collision? No witness testified on this point, nor does it appear from the circumstances. What was the distance from the car to the object when it was seen by the motorman? How soon after seeing the object did the accident happen? How far did the car travel in the meantime? The evidence throws no light on these vital questions. Plaintiff has not shown excessive speed or any other act of negligence on the motorman's part.

The fact that he saw an object on the track does not of itself prove negligence, in the absence of evidence that he thereafter failed to exercise due care. If the object was but a few feet from the car when seen by the motorman, an inference of negligence on the latter's part could not be drawn merely from the happening of the accident. It is obvious that plaintiff's whole case is based upon the mere fact that an accident occurred and her husband was killed, and to allow a jury to determine the question of liability in such a case is to permit the verdict to rest upon speculation and conjecture rather than upon proof: *Klein v. Phila. Rural Transit Co.*, 320 Pa. 548. We think the language of *Sajatovich v. Traction Bus Co.*, 314 Pa. 569, 574, a case quite similar to the present case on its facts, is particularly applicable here: "In final analysis, plaintiff's argument is an attempt to prove the negligence necessary to support a recovery by an application of the familiar rule that one who loses his life in an accident is presumed to have used due care, plus the fact that the headlights of the bus were dim. We cannot agree that this is sufficient. There must be some evidence to indicate *how* the accident occurred, and of that this record is entirely barren. Were we to assent to plaintiff's proposition, we should be holding that the mere happening of this accident proved that one of the parties was negligent, that since we must presume that the decedent used due care, the bus driver must have been the negligent party, . . . Such a strained inference from the facts—not to mention the violation of well-established rules of law—cannot for a moment be entertained."

The judgment of the court below is reversed and judgment is herein entered for defendant.