Fox (et al., Appellant) *v.* Shoemaker.

Argued March 11, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Campbell Brandon,* for appellant.

*Thomas D. Caldwell,* of *Caldwell, Fox & Stoner,* with him *Orville Brown* and *Charles A. Wallace,* for appellee.

OPINION BY JAMES, J., July 15, 1937.

Plaintiff brought an action in trespass for the death of her husband, caused by the alleged negligent operation of a truck driven by the defendant. At the trial, defendant offered no testimony but submitted a point for binding instructions. The jury rendered a verdict for the plaintiff in the sum of $1,800. Defendant filed

a motion for a new trial and a motion for judgment n.o.v. The motion for a new trial was refused and judgment n.o.v. granted, the court holding that the testimony failed to show any specific negligence on the part of defendant and that plaintiff's husband was guilty of contributory negligence, and from the judgment entered plaintiff has appealed.

On defendant's motion for judgment n. o. v., the testimony should not only be read in the light most advantageous to the plaintiff, all conflicts therein being resolved in her favor, but she must be given the benefit of every fact and inference of fact pertaining to the issues involved, which may be reasonably deduced from the evidence: *Hawk v. Penna. R. R. Co.*, 307 Pa. 214, 160 A. 862; *Bradley v. Rhodes*, 124 Pa. Superior Ct. 161, 188 A. 564.

Viewed in the light of these principles, the testimony established the following facts: On June 27, 1934, a clear, bright day, at about 3 o'clock in the afternoon, Wilbur Fox, the deceased husband, was driving a milk truck in a northerly direction on the Perry Highway, a paved concrete road 20 feet wide with a solid 8-feet berm on both sides. Seated in the cab with Fox were three boys. The milk truck had the ordinary cab and a large body erected on the chassis, on each side of which was a large, full-size door opening toward the cab, which enabled milk cans to be taken in and out. Fox stopped his truck on the right-hand side of the road opposite the house of Harry Stoner, from where he had collected two cans of milk on his morning trip of that day. He evidently stopped his truck to return two empty cans. The left wheels of the truck were less than a foot on the paved portion of the highway. At this point the highway was straight, sloped toward the north, and a clear view could be had to the south of two-tenths of a mile. Fox got out of his truck on the left-hand side, from which time we have no definite testimony as to just what

transpired. According to the testimony of the boys, who remained in the cab, a short time after Fox got out of the cab, they heard the rattle of a can and saw his body fly over the fender of his truck and land on the cement pavement about 25 feet in front. At the same time that Fox struck the pavement, a truck driven by the defendant passed near the center of the highway going northward, and it drove down the highway an estimated distance of about 200 to 350 feet. No warning signal was given by the defendant's truck, which was traveling, as it left the point of the collision, "possibly over 25 miles an hour." No other vehicles were on the scene at the time of the accident. On the left-front fender of the milk truck, bits of flesh and blood were found, and along the bed or frame of defendant's truck were found bits of deceased's clothing. An empty milk can was found on the side of the road opposite the milk truck and another can turned over at the door in the truck. Deceased was so badly injured that he died while being removed to the hospital.

The burden to prove negligence was upon the plaintiff, and as we view this record, this burden she did not sustain. The familiar rule that one who loses his life in an accident is presumed to have used due care, is not of itself sufficient to establish negligence; there must be some evidence to indicate how the accident happened: *Sajatovich v. Traction Bus Co.*, 314 Pa. 569, 172 A. 148. The mere fact that the decedent was struck by a vehicle on a public highway is not sufficient to support a finding of negligence. There must be some evidence to indicate how the accident occurred: *Sajatovich v. Traction Bus Co.*, supra; *Klein v. P. R. T. Co.*, 320 Pa. 548, 183 A. 43; *Whalen v. Yellow Cab Co.*, 313 Pa. 97, 169 A. 97; *Pfendler v. Speer*, 323 Pa. 443, 185 A. 618; *Niziolek v. Wilkes-Barre Ry. Corp.*, 322 Pa. 29, 185 A. 581; *Bradley v. Rhodes*, supra. "Circumstantial evidence to sustain a verdict must be so strong as to pre-

clude the possibility of injury in any other way, and provide as the only reasonable inference the conclusion for which the contention is made"; *Pfendler v. Speer, supra.* In the absence of evidence as to how the accident occurred, a verdict for the plaintiff would be based on mere speculation: *Whalen v. Yellow Cab Co., supra.*

Defendant's truck as it passed the milk truck was traveling at a speed of 25 miles per hour, which is not excessive on a main highway through a section that may be recognized as open country; nor does the record show that immediately prior thereto the speed of defendant's truck had been checked by the application of his brakes, nor that its proceeding beyond the point of the accident was due to excessive speed. The testimony is very indefinite as to the time which elapsed when Fox left the cab of his truck until he was hurtled over the fender. According to the testimony of one witness, "It wasn't so awful long, couldn't estimate the time," and in further describing the time, this witness stated that a short time after Fox left the truck, he heard the noise and rattle of a tin can on the pavement. From the time he closed the cab door, it is purely conjectural as to what time had elapsed or what deceased was doing. On this point, the court below commented in its opinion as follows: "The only evidence as to the position of the Shoemaker [the defendant] truck on the highway is that immediately after Fox was struck it was in the center of the highway. No horn was sounded but there is no evidence that Wilbur Fox was on the highway and in the view of the driver of the oncoming Shoemaker truck for a sufficient period of time to give that driver warning of Fox's danger. For all that appears from the evidence Fox may suddenly have emerged from the body of his truck by the door on the left hand side and backed, turned or walked into the side of the Shoemaker truck as it passed. There is no evidence that Fox's body had come in contact with the front part of

the Shoemaker truck. Plaintiff's contention is based upon the belief that Fox either did not enter the body of his truck to get the cans or had emerged from the body of the truck, but in either case was standing on the highway and in plain view of the driver of the Shoemaker truck. The driver gave him no warning of his approach but ran him down when there was ample space for him to pass on the left. The difficulty with all this is that no evidence supports such a view. No one testifies that Fox was on the highway for any length of time before he was struck. Therefore we cannot rule that the driver saw him or ought to have seen him sufficiently before the accident, to avoid striking him. Our conclusion from all the evidence is that under the rule of all the cases which we have cited the plaintiff did not show any negligence on the part of the defendant." We can add but little to this reasoning.

Undoubtedly, the testimony shows that in the remaining space of nineteen feet of the paved portion of the highway, with no other cars in sight, defendant had ample room to pass the milk truck in safety; and assuming that defendant saw Fox unloading the cans from his truck, we are still left to conjecture whether deceased backed, turned or walked into the side of the oncoming car. In view of our conclusion that the record does not establish the negligence of the defendant, we deem it unnecessary to determine whether deceased was guilty of contributory negligence.

Judgment affirmed.