De Francisco et al., Appellants, *v.* La Face et al.

Submitted April 29, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*David R. Levin,* for appellants.

*John D. McIntyre* and *Clyde E. Donaldson,* for appellee.

OPINION BY CUNNINGHAM, J., October 13, 1937:

In this trespass action plaintiffs below and appellants herein sought to recover damages for injuries suffered by their five year old son when he apparently fell from the back of defendant's truck which had been parked along Mirror Street in the City of Pittsburgh for more than a week.

The case was tried before a jury; the defendant offered no testimony but moved for binding instructions which were granted on the ground that plaintiffs failed to prove any negligence on the part of defendant. Prior to the hearing before the court in banc of plaintiffs' motion for a new trial, counsel for the parties submitted to the court below an "Agreed Statement of Facts" in lieu of the evidence taken at the trial. Plaintiffs' motion for a new trial was denied and judgment entered for the defendant, from which plaintiffs have appealed.

Under our Rule 56, the statement of facts has been substituted here for the evidence adduced at the trial. Leave was granted appellants to proceed in forma pauperis and the case was submitted without oral argument.

The statement of facts may be thus summarized: When not in use, defendant had parked three of his trucks on Mirror Street, Pittsburgh, Penna., near his residence, for more than two years previous to August 14, 1935. One or more of these trucks usually stood in front of an empty lot 30 by 90 feet in size, used as a playground by the children of the neighborhood. Children of various ages were accustomed, during all of this period, to play on these trucks. "On August 14, 1935, at or about 5:00 P. M. the minor plaintiff......, then aged five, was seen playing on a particular truck of defendant in company with three other children of similar age. A minute later he was seen lying on the ground in the rear of one of these trucks, having sustained a fracture of the right femur. At the time of the injuries to the minor plaintiff, the truck on which he was seen playing had been parked for more than a week without being moved."

Appellants argue these facts warrant a finding that appellee was negligent. We are unable to agree with

them and think the trial judge did not err in directing a verdict for appellee.

In the first place, the agreed facts do not disclose how the accident occurred. The burden of proving negligence in this case was upon appellants; it cannot be presumed from the mere happening of the accident: *Wright et al. v. Straessley*, 321 Pa. 1, 182 A. 682; *Pietros v. Hecla Coal & Coke Co.*, 118 Pa. Superior Ct. 453, 457, 180 A. 119. "Fault is not presumed from the mere happening of an accident: *Wiser v. Parkway Baking Co.*, 289 Pa. 565": *Franzen et al. v. Goodman*, 325 Pa. 518, 520, 190 A. 888.

All that appears here is that the child, together with three playmates, was on the truck, and a minute later was seen lying upon the ground to the rear of the vehicle. Did he lose his balance and fall off while playing, was he pushed off by one of his youthful companions, or did he intentionally jump off? The answer to these questions is purely a matter of conjecture, under the case stated. As the Supreme Court said in *Sajatovich v. Traction Bus Co.*, 314 Pa. 569, 574, 172 A. 148, "There must be some evidence to indicate *how* the accident occurred, and of that this record is entirely barren." See, to the same effect *Niziolek v. Wilkes-Barre Railway Corp.*, 322 Pa. 29, 32, 185 A. 581, where the Supreme Court quotes this well established principle at length from the Sajatovich case, supra.

While it is perhaps equally well settled that negligence may be shown by circumstantial evidence and inferred from the circumstances surrounding an accident, such evidence must create a reasonable probability that the accident resulted from defendant's negligence. As this court stated in *Butler v. Del Favero*, 116 Pa. Superior Ct. 534, 538, 176 A. 765, "Negligence may be inferred from attendant circumstances—the test being whether they are such as to satisfy reasonable and well balanced minds that the accident resulted

from the negligence of the defendant: *Reardon v. Smith,* 298 Pa. 554, 148 A. 860; *Sakach et ux. v. Antonopolos,* ibid, 130, 148 A. 58." In this connection the Supreme Court said, in the case of *Cain et al. v. Booth & Flinn, Ltd.,* 294 Pa. 334, 338, 144 A. 286, "Of course, negligence may be established by circumstantial evidence, where it creates a reasonable probability of the defendant's fault, and excludes every other reasonable cause." Where negligence is inferred from the circumstances rather than established by direct proof, the circumstances must be such as to permit of but one conclusion—that defendant was negligent: *Dei v. Stratigos,* 287 Pa. 475, 477, 135 A. 111. See also *King et ux. v. Darlington Brick & Mining Co.,* 284 Pa. 277, 284, 131 A. 241.

Here the agreed statement of facts falls far short of establishing circumstances from which negligence could reasonably be inferred. In *Klein et ux. v. Phila. Rural Transit Co.,* 320 Pa. 548, 551, 183 A. 43, there was merely proof of a collision between a bicycle and a bus. It was there said: "While it is true that negligence may be inferred from attendant circumstances *(Tucker v. Ry. Co.* 227 Pa. 66; *Reardon v. Smith,* 298 Pa. 554), to hold that negligence might properly be inferred from such facts as are to be found in this record would be nothing less than a holding that negligence might legitimately be inferred from the mere happening of an accident." That observation is equally applicable here.

Even if it be inferred that appellants' son accidentally fell from the truck, we are unable to find any basis for recovery.

Their counsel relies strongly upon the statement by this court in *Kreiner v. Straubmuller,* 30 Pa. Superior Ct. 609, where it was said (p. 612), "It is a well established rule that those controlling property on, or immediately adjacent to, a public highway must have regard to the reckless and thoughtless tastes and traits

of childhood. The owners of the premises are required in such cases to anticipate that children may use the highway, and in so doing be exposed to any unsafe object placed thereon." This general principle cannot be questioned, but it is not applicable to the facts of the present case; they are clearly distinguishable from those present in the Kreiner case. There, the defendant's barrels were unlawfully piled on the sidewalk in front of its brewery in such a manner and at such a place that defendant as a reasonable person should have anticipated children might play upon them and injure themselves by knocking them over. Moreover, it was also said in that case (p. 614), "The referee found that the pile of barrels was of such a character that the defendant should have anticipated that children would climb upon them in their play, and that the manner of piling was such as to render it dangerous to children who would be tempted to play thereon."

*Balser v. Young et al.,* 72 Pa. Superior Ct. 502, where plaintiffs' child was killed by the toppling over of a pile of planks, is likewise distinguishable from the facts here present as in that case evidence of insecure and improper piling of the lumber furnished the basis for a finding of negligence and consequent liability.

There is no suggestion in this case that the truck was negligently parked (as in *Don et al. v. J. S. Ivins Sons, Inc.,* 90 Pa. Superior Ct. 105, and *Smith et al. v. Jamison,* 89 Pa. Superior Ct. 99), or that there was anything inherently dangerous about its construction, as was the condition of the road scraper in *Reichvalder et al. v. Borough of Taylor,* 120 Pa. Superior Ct. 217, 181 A. 864, affirmed in 322 Pa. 72, 185 A. 270.

For aught that appears in the statement, appellee was using his property in a lawful manner and for a lawful purpose and appellants' child was where he had no right to be. His tender age did not prevent him from being a trespasser. Compare *Roscovich et al. v. Park-*

*way Baking Co.*, 107 Pa. Superior Ct. 493, 163 A. 915.

It does not follow, however, that appellants had the burden of proving wilful or wanton negligence upon the part of appellee. Under the agreement as to the length of time appellee had been parking trucks at that location and with relation to his means of knowledge that children played upon them, we think appellants were required to show only lack of ordinary care. We are not persuaded that they successfully carried even this lighter burden.

It was not enough to show the mere possibility of injury to children by falling from the truck while engaged in play. The law concerns itself with the degree of potential danger. If it had been made to appear that the truck was so negligently parked that a reasonably prudent person should have anticipated it would be a source of danger to children playing around or upon it, the case would be different. There is nothing in the statement of facts to warrant such an inference, and we are of opinion that the trial judge did not err in directing a verdict for appellee.

Judgment affirmed.