Hadhazi, Appellant, *v.* Zero Ice Corporation.

Argued September 29, 1937. Before SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Charles G. Notari,* of *Marshall, Braun & Notari,* for appellant.

*J. Roy Dickie,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 12, 1937:

Plaintiff brought this action to recover damages for the loss of her husband, who was struck by an automobile belonging to defendant and died from the resulting injuries. The court below entered a compulsory nonsuit, on the ground that no negligence of the driver was

shown. From the refusal to take off the nonsuit, plaintiff brings this appeal.

Deceased was seen before he was struck, about the middle of a thirty-feet-wide street, not at an intersection, about ten o'clock in the morning of a clear day. The street was straight. Just where the man came from was not shown, nor were any of his movements immediately before the defendant's car reached him. Witnesses testified that they heard the brakes of the automobile screech, and one of them said that as they did he saw deceased in front of it, just how far he could not say; another, who was in the second story front room of her house, said that from where she first observed the car as she heard the brakes screeching to where she saw the deceased rolling in the street was about fifty feet. No one saw the actual impact.

We, therefore, have a situation, where the only basis for the conclusion that the automobile was negligently operated must be the fact that deceased was in the street, and that the brakes screeched, indicating that the driver of the car was endeavoring to stop it. This was not sufficient. "The mere fact that the decedent, a pedestrian, was struck by a vehicle on a public highway was not sufficient to support a finding of negligence": *Sajatovich v. Traction Bus Co.*, 314 Pa. 569, 572, 172 A. 148, 150. "As the accident occurred some distance from the crossing, the rule requiring extreme care at public crossings is not applicable": *Whalen v. Yellow Cab Co.*, 313 Pa. 97, 99, 169 A. 97, 98; *Purdy v. Hazeltine*, 321 Pa. 459, 184 A. 660. What was said in *Pfendler v. Speer*, 323 Pa. 443, 445, 185 A. 618, 619, almost perfectly fits this case: "As to negligence, no evidence was offered that defendant was driving in an improper manner. It was not shown that his speed was excessive, that his attention was distracted, or that his car was mechanically defective. Plaintiff seeks to draw the inference of negligence from the screeching of brakes heard by four witnesses, from the skid marks in the street, and from the

fact that a noise like an impact was heard. It is asserted that the presumption that decedent was proceeding cautiously, in a proper manner across the street, and that he was in full view of the approaching car imports negligence in the driver. However this is not such circumstantial evidence as will support the finding that defendant was negligent. There must be some evidence to indicate how the accident occurred. The mere happening of an accident does not prove that one of the parties was negligent. . . . the mere fact that a collision has occurred cannot, in the absence of evidence as to the manner of its occurrence, afford proof that one party and not the other was at fault . . . If it be presumed that decedent was proceeding across the street carefully and lawfully, this presumption merely negatives contributory negligence as a factor . . . It does not compel the conclusion that defendant was negligent. It is possible that neither party was at fault." See also *Fox v. Shoemaker,* 127 Pa. Super. Ct. 264, 193 A. 353. In a similar case, *McAvoy v. Kromer,* 277 Pa. 196, 198, 120 A. 762, speaking through the present Chief Justice, we said: "Was he run down by the car, the driver of which could have seen him a sufficient length of time to have guarded against it? The accident occurred between crossings, did he suddenly run in front of the car; was he crossing the street heedlessly; was he crossing the street without regard to traffic, . . . or did the car suddenly swerve, striking him? All these circumstances are left to conjecture."

Judgment affirmed.