## Koval v. Morris

*High, Swartz, Childs & Roberts,* for plaintiff.
*Duffy, McTighe & McElhone,* for defendants.

CORSON, J., May 29, 1956.—This case arises as a result of an accident which occurred on October 4, 1952. One of defendants, Michael Morris, at about 10:40 p.m., was operating a truck which ran into and damaged a car owned by plaintiff Koval. Morris was under the influence of liquor at the time and when the case

was heard the jury very properly rendered a verdict in favor of plaintiff against defendant Morris.

Upon the truck which Morris was driving appeared the name of "Jack's Auto Parts", and admittedly such truck was owned by Jack Snyder, individually and trading as "Jack's Auto Parts".

While the only evidence of agency was the fact of the name appearing on the truck, yet the jury also found a verdict in favor of plaintiff against Julius Snyder, trading as "Jack's Auto Parts", together with Morris. Subsequently the court granted a new trial as to Julius Snyder.

Before the new trial was heard plaintiff filed an amended complaint on January 31, 1956. To this amended complaint defendant Julius Snyder filed preliminary objections and a motion to strike off such pleadings.

The first reason contends that the amended statement should be stricken off because of the fact that the costs had not been paid. The second and third reasons pray that paragraph 7(e) be stricken from the amended complaint for the reason that there are no facts in the notes of testimony to support the allegation that defendant's truck was parked in the street and that paragraph 7 in its entirety should be stricken from the amended complaint because the allegations contained therein do not aver negligence to support a cause of action and the filing of an amended complaint.

As to the questions of costs, we do not consider that this objection is too serious. If that were the only reason we could make a conditional order involving payment of costs.

The second and third reasons, however, concerning paragraph 7 of the amended complaint, we feel are proper. While the question has not been raised, yet it seems that it is not entirely equitable to allow addi-

tional charges of negligence to be alleged more than three years after the happening of the accident resulting in the suit.

Paragraph 7, in setting forth additional allegations of negligence, alleges two acts of negligence: First, that the evidence at the first trial showed that defendant parked his truck upon the street day and night; and second, that the keys were in the truck. Plaintiff further alleges that these facts were known to Morris. As to the parking upon the street, the notes of testimony do not support a finding that the truck was parked upon the street both day and night. The testimony would indicate that at night the truck was parked on the property of "Jack's Auto Parts". However, with Morris living upon the premises, it would seem to make no difference whether the truck was parked inside or outside on the street because Morris would have an equal opportunity to take it from either place. This is not a case of leaving a car on the street where children might set it in motion or something of that kind. There is no possible connection between the happening of the accident and the position or parking place of this truck.

The second allegation is that the leaving of the keys in the truck was negligent. This may be the law in other jurisdictions, particularly where special statutes apply, but it does not seem to be the law in Pennsylvania. While there is no evidence that the ignition key was in position or whether it was in the glove compartment or some other part of the truck, yet even if the ignition key was in its normal position, that would not be sufficient of itself to show negligence: Roscovich v. Parkway Baking Co., 107 Pa. Superior Ct. 493 (1933). There can be no negligence unless there is a breach of duty owed to plaintiff. Certainly defendant owed no duty to plaintiff to remove the keys from his truck: Perrin v. Glassport Lumber Co., 276 Pa. 8

(1923). The unauthorized taking and operation of defendant's truck by Michael Morris and his negligence in the operation thereof, was certainly such an intervening cause that leaving of the keys in the vehicle could not be the proximate cause of the injury: Rapczynski v. W. T. Cowan, Inc., 138 Pa. Superior Ct. 392 (1940).

The owner of a truck is not an insurer that it will not be taken by anyone unlawfully and is not required to assume that if it is unlawfully taken it will be negligently operated to the damage of a third party.

For the reasons given, the following order is entered:

And now, May 29, 1956, defendant's preliminary objections to paragraph 7 of plaintiff's amended complaint are sustained; the motion to strike out such paragraph is allowed and paragraph 7 of such amended complaint is stricken out.